■ VILLAGE OF MASSENA, Respondent, v. 50,500 Square Feet of Land, More or Less, Situate in the Village of Massena, St. Lawrence County, et al., Defendants. ROBERT CARNEY, Appellant.— Appeal from an order of the Supreme Court, St. Lawrence County setting aside an award to the appellant by the Commissioners of Estimate of $11,196 for the taking by the respondent of an easement for sewer purposes and directing a rehearing before new commissioners. The appellant's property through which the respondent has taken a perpetual easement 20 feet wide for the installation and maintenance of a sewer is an irregular rectangular parcel of land comprising about 3.5 acres. A gully 14 to 20 feet lower than the surrounding land cuts through the property. The sewer line generally parallels a winding creek which flows along the bottom of the gully. The property lies in a residential area and is zoned for residential use. The appellant, who is a real estate broker, testified the land cost him $6,500 and that he had improved a small portion of it by putting in an abutment, drainage pipe and fill at a cost of $20,500. He stated the value at the time of taking was $27,000 and after the taking it was $7,000. Two other brokers testified that the damages were $14,000 and $14,500. They based their opinions on the assumption that a portion of the land could be used for commercial purposes and the rest for residences. Neither they nor the appellant took into consideration the cost of improving the land to make it suitable for such uses. The engineer produced by the respondent stated that such cost would be $76,464. Of the experts produced by the respondent one stated the value was $3,780 before the taking and $2,200 after and the other stated the damage was $879 based on a $1 per running foot of the easement. A majority of the Commissioners made an award of $11,196 and one Commissioner disagreed holding that $3,277 was sufficient compensation. The court below granted the respondent's motion to set aside the majority report holding it was excessive and based on an erroneous principle of speculative damage and ordered a rehearing. A motion by the appellant for reargument on the ground that the minority Commissioner was not a disinterested freeholder was denied. The fact that the minority Commissioner was not disinterested is, of course, no reason for upholding the award of the majority. The testimony of the appellant's experts as to the amount of damage was based on the assumption that the property could be used for commercial or residential purposes and the majority of the Commissioners clearly based their award on this view. Even assuming that the proof of

such uses was not too speculative, the cost of improvements necessary to make the property suitable for such uses was obivously not taken into consideration and this court recently pointed out that an allowance for such costs must be made (*Valley Stream Lawns* v. *State of New York*, 9 A D 2d 149). Thus the court below correctly set aside the award of the majority as excessive and based on an erroneous principle of damages. It was also correctly determined below that section 318-a of the Village Law applies only to direct examination and that an expert may be cross-examined as to specific sales of comparable property (*Robinson* v. *New York El. R. R. Co.*, 175 N. Y. 219). **Order unanimously affirmed, with costs to abide the event.** Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ.