## Fourth Department, July, 1973

### (July 6, 1973)

■ City of Buffalo, Respondent, v. Diocese of Buffalo, Appellant.— Judgment unanimously reversed on the law and facts, without costs, and a new trial granted. Memorandum: The Roman Catholic Diocese of Buffalo (defendant) owned property with frontage on Niagara Square and West Genesee Street. Prior to 1965, the premises were occupied by an old brick office building lacking modern improvements. In 1965 the building was razed and the lot was blacktopped and leased for use as a parking lot. On February 18, 1970 the city obtained a preliminary order of condemnation for the purpose of acquiring the lot for a new City Court building and parking ramp. At the trial, defendant's appraiser, after making adjustments between his comparables and the subject property for time of taking and location, arrived at a value of $25 per square foot for the taking for a total of $200,350 based on an area of 8,014 square feet. He added $2,805 for the blacktopping and $26,500, the cost of demolishing the building, as "condemnation blight", for a rounded total of $229,500. The city's appraiser valued the subject property at $10 per square foot, making no adjustment between his comparables and the subject property for location or time of taking. Basing his computation upon an area of 7,906 square feet, he valued the lot at $79,060 and added 35 cents per square foot for the paving for a rounded total of $82,000. Another appraisal, prepared for the city but not introduced in evidence by it, was submitted by defendant as an admission against the city. It valued the property at $16 per square foot for a total of $125,928.50 plus $2,897.50 for blacktopping, or a rounded total value of $128,850. It also made no specific adjustment between the comparables and subject property. The court found the lot to be 8,014 square feet in area and to be worth $17.50 per square foot for a total value for land and improvements of $140,245. The court made no specific monetary or percentage adjustment to the comparables in evidence. Neither of the appraisals prepared for the city made any specific monetary or percentage adjustment for location or time of taking between the comparables and subject property and they, therefore, lacked probative value to establish a range of testimony from which the court could determine the value of the taking (*County of Niagara* v. *Bagwell*, 36 A D 2d 196; *City of Buffalo* v. *Migliore*, 34 A D 2d 334; *Geffen Motors* v. *State of New York*, 33 A D 2d 980). Since the court also failed to state any comparable upon which it relied or the monetary or percentage adjustments it made to such comparable to compensate for the differences in time of taking, location, lot size and use between it and the subject property, there is no adequate basis for review of the award (*Matter of City of New York* [*A. & W. Realty Corp.*], 1 N Y 2d 428; *Leonard* v. *State of New York*, 33 A D 2d 711, 712; *Stiriz* v. *State of New York*, 26 A D 2d 964). A new trial must be held "at which proof can be developed by adequate comparables with all adjustments fully explained". (*Roffle* v. *State of New York*, 40 A D 2d 575.) Because the award was predicated upon a highest and best use which precluded any value being assigned to the old building which was torn down, the court correctly made no adjustment for the demolition costs. (Appeal from judgment of Erie Special Term in condemnation proceeding.) Present — Goldman, P. J., Del Vecchio, Witmer, Moule and Cardamone, JJ.