■ JEROME GORSKY, Appellant, v JOAN GORSKY, Respondent. — Appeal from an order of the Supreme Court, Queens County (Cooperman, J.), dated August 8, 1983, dismissed (see *Matter of Aho,* 39 NY2d 241, 248). ¶ Judgment of the same court dated October 14, 1983, affirmed. No opinion. ¶ Defendant is awarded one bill of costs. Bracken, J. P., Niehoff, Rubin and Eiber, JJ., concur.

■ HEALEY-OSTENFELD REALTY CORPORATION, Appellant, v ANN GREEN, as Sole Assessor of the Town of Goshen, Respondent. — In a proceeding pursuant to article 7 of the Real Property Tax Law to review a tax assessment on certain real property for the 1981-1982 tax year, the petitioner appeals from a final order of the Supreme Court, Orange County (Burchell, J.), dated September 8, 1982, which, *inter alia,* dismissed the petition, after a nonjury trial. ¶ Final order reversed, on the law and the facts, with costs, and petition granted to the extent of reducing the assessment to $6,030. ¶ Petitioner adduced evidence that the subject property was sold in 1978 for $8,250, that a clearly comparable property in the immediate vicinity was sold in 1979 for $8,000, and that these were arm's length transactions. Although petitioner obtained a special permit and a variance it is manifest that this was contemplated in the purchase price of the subject property. Petitioner's vice-president testified that although petitioner made certain physical improvements to the subject vacant lot, the cost of those improvements was only $500 to $700. There was also evidence that the neighborhood was declining. A ratio of 73.09% was established by a notice to admit that was not denied. The Town of Goshen presented no witnesses and no evidence. ¶ The purchase price set in the course of an arm's length transaction of recent vintage, if not explained away as abnormal in any fashion, is evidence of the highest rank to determine the true value of the property at that time (*Plaza Hotel Assoc. v Wellington Assoc.,* 37 NY2d 273, 277). Under all the circumstances we find that petitioner established a market value of $8,250 and a ratio of 73.09%, and that the assessed value should accordingly be reduced to $6,030. ¶ We find no merit, however, to petitioner's request for an additional allowance of $500 under section 722 (subd 2, par [a]) of the Real Property Tax Law. Mangano, J. P., Gibbons, Weinstein and Niehoff, JJ., concur.