■ GENERAL ELECTRIC COMPANY, Respondent-Appellant, v TOWN OF SALINA et al., Appellants-Respondents.—Order and judgment unanimously affirmed, without costs. Memorandum: In this proceeding under Real Property Tax Law article 7, petitioner's appraiser properly relied upon sales beyond the area of the subject property, since there is a broad regional market for this type of large industrial plant (see, Matter of Great Atl. & Pac. Tea Co. v Kiernan, 42 NY2d 236, 242). We find that at least two of those sales—sale No. 1 and the 1983

sale—were of sufficient comparability to serve as a guide to the market value of the subject property and that those sales support the Judicial Hearing Officer's finding of full value. The Judicial Hearing Officer properly rejected respondents' local sales because, for the many reasons stated by him, they were not comparable to the subject property or to any part thereof.

We reject petitioner's contention on its cross appeal that the campus-like setting of the subject property did not add to its value. We determine, also, that the Hearing Officer made no mathematical error in computing his adjustments. In addition to the 20% upward adjustment for aesthetic value, he increased the location adjustment by 5% and the land adjustment by another 5%, making a total upward adjustment of 30%.

Finally, contrary to respondents' assertion that the Hearing Officer made a mathematical error in arriving at the total square footage of the property, we find that he properly relied upon the figures used by petitioner's appraiser, which were substantially the same as those used by respondents' appraiser. The difference between the figures used by the appraisers is accounted for by four relatively small structures, which neither appraiser valued in his appraisal. (Appeals from order and judgment of Supreme Court, Onondaga County, Aronson, J.H.O.—RPTL art 7.) Present—Dillon, P. J., Doerr, Boomer, Green and Pine, JJ.