OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
In this tax certiorari proceeding (RPTL 706), the Town of Salina, the Board of Assessment Review and the School District appeal from an Appellate Division order affirming the trial court’s reduction of assessments based on a finding that petitioner General Electric sustained its burden of proving that the assessments for the 1982-1983 and 1983-1984 tax years of its large integrated multibuilding industrial complex were erroneous due to an excessive appraisal of the property’s market value. Despite the difficulties of computing the market value of large industrial complexes, the market value method of valuation is preferred as the most reliable measure of a property’s full value for assessment purposes (see, RPTL 305; Grant Co. v Srogi, 52 NY2d 496, 510; G.R.F., Inc. v Board of Assessors, 41 NY2d 512, 513), and where, as here, evidence of a recent sale price is lacking, market value may be determined with reference to recent sales of comparable properties (Matter of Merrick Holding Corp. v Board of Assessors, 45 NY2d 538; Matter of Great Atl. & Pac. Tea Co. v Kiernan, 42 NY2d 236). While we have expressed a strong preference that such comparables be within close geographic proximity to the property to be appraised, it is for the trial court to determine in the exercise of its sound discretion, whether or not a local market exists for the type of property at issue, and if not, whether there is a broad regional market from 'yvhich comparables may be selected. Where there is support in the record for such findings, it may not be said that reliance on sales beyond the immediate vicinity of the subject property is inappropriate as a matter of law. (Matter of Great Atl. & Pac. Tea Co. v Kiernan, supra, at p 241).
The preference for appraising property based upon local comparables does not necessarily require that large integrated multibuilding industrial complexes, which do not have a local market as a single entity, be subdivided into smaller entities and evaluated on the basis of comparison to local properties similar to the subdivisions (see, e.g., Matter of Xerox Corp. v *732 Ross, 71 AD2d 84, lv denied 49 NY2d 702). The determination of whether to value an integrated multibuilding industrial property as a single entity or as an aggregate of several subdivided entities is essentially a factual determination of the most economically and physically feasible use of the complex, and whether the taxing authority should assess such properties on the basis of a subdivision theory depends upon the circumstances of the particular case and the evidence offered in support of the proposition that the particular facility could be subdivided and sold in parts. As we observed in Great Atl. & Pac. Tea Co. (supra, at p 242) "[t]he ordinary or general rule should not blind us to the fact that the ultimate purpose of valuation, whether in eminent domain or tax certiorari proceedings, is to arrive at a fair and realistic value of the property involved”.
Here, the Appellate Division has affirmed the trial court’s finding that the best use of the General Electric property for assessment purposes was as a single entity because its buildings are fully integrated and dependent upon a privately owned centralized utility system, that the regional comparables relied upon under this theory were sufficiently similar to serve as a guide to the market value of the General Electric complex, notwithstanding differences between these comparables and the General Electric property, that the Board submitted no evidence in support of its subdivision theory such as the cost of converting the complex into separate subdivisions, and that the Board’s local comparables on which it based its valuation were not comparable to any of the purported subdivisions of the complex. The determination of market value is essentially a factual matter (Matter of Shubert Org. v Tax Commn., 60 NY2d 93, 97; Grant v Srogi, 52 NY2d 496, 510, supra) and thus, where, as here, the Appellate Division has affirmed the factual findings of value, which are supported by evidence in the record as a whole, they are beyond our power of review (Matter of Adirondack Mountain Reserve v Board of Assessors, 64 NY2d 727, 728; Matter of Seagram & Sons v Tax Commn., 14 NY2d 314, 317).
Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur; Chief Judge Wachtler taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.