■ In the Matter of WANTAGH RACQUET SPORTS, INC., Appellant, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU et al., Respondents.—In a consolidated proceeding pursuant to Real Property Tax Law article 7 to review assessments on certain real property for the tax years 1980/1981 through 1984/1985, the petitioner appeals from (1) an order and judgment (one paper) of the Supreme Court, Nassau County (McGinity, J.), dated February 18, 1986, which reduced the assessments for each of the years in issue, on the ground that the reductions were insufficient, (2) a resettled order and judgment of the same court, entered March 10, 1986, and (3) as limited by its brief, from so much of an order of the same court, dated January 13, 1986, as, upon reargument of a decision of the same court, dated September 3, 1985, reducing the assessments for each of the years in issue, adhered to the original determination.

Ordered that the appeal from the order dated January 13, 1986 is dismissed, as no appeal lies from an order granting reargument of a decision; and it is further,

Ordered that the appeal from the order and judgment dated February 18, 1986 is dismissed, as that order and judgment was superseded by the resettled order and judgment entered March 10, 1986; and it is further,

Ordered that the resettled order and judgment is modified, on the law and the facts, by (1) deleting from the second decretal paragraph thereof the figure "$632,043" for tax year 1980/1981 and the figure "$684,709" for tax year 1981/1982, and substituting therefor the figure "$549,300" for tax year 1980/1981 and the figure "$597,700" for tax year 1981/1982, and (2) deleting from the third decretal paragraph thereof the figure "$11,294" for tax year 1980/1981 and the figure "$6,894" for tax year 1981/1982, and substituting therefor the figure "$23,700" for tax year 1980/1981 and the figure "$19,900" for tax year 1981/1982; as so modified, the resettled order and judgment is affirmed; and it is further,

Ordered that the petitioner is awarded one bill of costs.

We find no merit to the appellant's contention that the trial court erred in failing to give any weight to a 1980 sale of the subject property (see, Plaza Hotel Assocs. v Wellington Assocs., 37 NY2d 273, rearg denied 37 NY2d 924). The undeniable fact is that the petitioner's appraisal expert, in evaluating the subject property, relied primarily on the income approach—and, in fact, his valuations are all precisely based on his income approach. Furthermore, the use as evidence of value of the 1980 sale price of this troubled property to "tennis court buffs" is questionable, since it required extensive adjustments for unusually favorable purchase-money financing, time, and cost increments to account for improvements to the property. Although the petitioner's appraisal expert was a graduate of the Massachusetts Institute of Technology and had a degree in industrial engineering, he was not a licensed engineer and his improvement cost increment omitted the property's racquet-ball installations on the theory that they were personalty and nonassessable. The only licensed engineer who did testify at the trial, however, testified for the respondents in convincing detail that the racquetball installations were part of the realty. The county's real estate appraisal expert agreed.

The trial court justifiably rejected the petitioner's lease comparables in favor of those of the respondents, as adjusted by the court. That effectively demolished the petitioner's income capitalization valuation structure of which the subject 1980 sale (as extensively adjusted for unusually favorable financing and then blended and incremented for later improvements) was merely an unsound check against the petitioner's income capitalization valuations.

Although the petitioner further argues that the trial court used an over-all rate of capitalization and in doing so erred by

its "unexplained failure to make any provision for recapture of depreciation in the capitalization rates it employed" (which we note, was not raised on the petitioner's motion for reargument), we find that based on the facts of this case, such an error was not adequately demonstrated.

We find merit, however, to the petitioner's contention that for the first two tax years in issue, the court's valuations substantially exceeded those of all of the parties' experts. Although the court could and did draw upon evidence in the record in coming to its own valuation conclusions, at bar, the county's appraisal expert concluded that for the first two tax years in issue the value of the property was $549,300 and $597,700, respectively, and that there should be assessment reductions of $23,700 and $19,900, respectively.

Although these amounts were derived via the cost approach for which the county opted and the trial court used a modified version of the county's expert's income approach in directing assessment reductions of $11,294 and $6,894, respectively, for the first two tax years in issue, on the facts of this case, the county appraisal expert's report is tantamount to and should be deemed a concession that the assessments for those two years should be reduced by the amounts stated in his report. Thus, the resettled order and judgment should be modified by directing that the assessment for the first two tax years in issue be reduced by the amounts of $23,700 and $19,900, respectively, instead of the respective $11,294 and $6,894 reductions directed by the trial court, and that the property, for those tax years, should be valued at $549,300 and $597,700, respectively, instead of $632,043 and $684,709, respectively. Niehoff, J. P., Mangano, Bracken and Eiber, JJ., concur.