■ In the Matter of BUFFALO HOTEL DEVELOPMENT VENTURE, Appellant, v JOSEPH TANZELLA, as Commissioner of Assessments of the City of Buffalo, et al., Respondents, and COUNTY OF ERIE, Intervenor-Respondent.—Order unanimously reversed on the law with costs and petitions granted in accordance with the following Memorandum: "In determining whether [petitioner's] initial burden was established, the court was obliged to consider all of the evidence, including the proof adduced by [respondents]" (National Bank v Systems Home Improvement, 69 AD2d 557, 562, affd 50 NY2d 814). When respondents presented their appraisal evidence after the court reserved decision on the motion to dismiss at the end of

petitioner's case, they took " 'the chances of supplying the deficiencies of the [petitioner's] case' " *(Bopp v New York Elec. Vehicle Transp. Co.,* 177 NY 33, 35). The testimony and appraisal report of respondents' expert is "tantamount to and should be deemed a concession that the assessments * * * should be reduced by the amounts stated in [the] report" *(Matter of Wantagh Racquet Sports v Board of Assessors,* 133 AD2d 766, 768, *lv denied* 70 NY2d 614). Respondents' expert testified and his report states that the final valuations of the property on December 1 of the years 1985 through 1988 were $14,000,000, $14,500,000, $14,500,000, and $15,000,000. It was stipulated that the equalization rates for those years were 27.95, 100.00, 99.19, and 91.55. Thus, we order that the assessments for each of the four years under review be reduced to $3,913,000, $14,500,000, $14,382,550, and $13,732,500. (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Tax Certiorari.) Present—Callahan, J .P., Boomer, Balio, Lawton and Doerr, JJ.