■ In the Matter of WELCH FOODS INC., Appellant, v TOWN OF PORTLAND et al., Respondents. In the Matter of WELCH FOODS INC., Appellant, v VILLAGE OF BROCTON et al., Respondents. (Appeal No. 1.)—Judgment unanimously reversed on the law with costs and new trial granted. Memorandum: Petitioner appeals from a judgment dismissing its petition brought pursuant to article 7 of the Real Property Tax Law to review the tax assessments on its property in the Village of Brocton, Town of Portland. The Hearing Officer dismissed the petition at the close of testimony of petitioner's appraisal expert on the ground that petitioner had failed to overcome the presumption of validity of the assessment. That was error.

Tax assessments are presumptively deemed valid (*Farash v Smith,* 59 NY2d 952, 955), and a petitioner challenging its assessment has the ultimate burden of establishing that the property was overvalued (*Matter of Barnum v Srogi,* 54 NY2d 896, 899). It is, however, well established that the presumptive validity of an assessment disappears when a petitioner presents substantial evidence that the assessment was excessive (*People ex rel. Wallington Apts. v Miller,* 288 NY 31, *rearg denied* 288 NY 672; *Matter of Carriage House Motor Inn v City of Watertown,* 136 AD2d 895, *affd* 72 NY2d 990; *Matter of Adirondack Mtn. Reserve v Board of Assessors,* 99 AD2d 600, *affd* 64 NY2d 727).

Here, petitioner presented substantial evidence that the assessment was excessive. For the tax years 1981 through 1985, respondents valued the property at over $500,000. In 1982, petitioner was advised by the Chautauqua County Industrial Development Agency not to ask more than $250,000 for the property. Petitioner was unable to find a buyer for the property at that price and lowered the asking price over the next several years until the property was sold in 1985 at public auction for $27,000. An arm's length sale of the property is strong proof of the fair market value of the property sold (*Matter of General Elec. Co. v Town of Salina,* 69 NY2d 730; *Grant Co. v Srogi,* 52 NY2d 496).

Respondents contend that the appraisal proof is inadequate as a matter of law to sustain petitioner's burden of overcoming the presumption of validity of the assessment. While we agree that the appraisal report contains numerous errors and deficiencies, it substantially comports with the uniform rules (*see,* 22 NYCRR 202.59 [g] [2]). In any event, the nonappraisal

evidence was sufficient to sustain petitioner's burden. (Appeal from Judgment of Supreme Court, Chautauqua County, Moriarty, J.H.O.—Tax Certiorari.) Present—Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.