■ In the Matter of the Acquisition of Real Property by the COUNTY OF CLINTON, Respondent. OREL GAGNON et al., Individually and Doing Business as MORRISONVILLE SEPTIC TANK SERVICE, Appellants. [612 NYS2d 496] —Mercure, J. Appeal from a judgment of the Supreme Court (Viscardi, J.), entered February 8, 1993 in Clinton County, which, in a proceeding pursuant to EDPL article 5, determined the compensation due claimants as a result of petitioner's acquisition of real property.

Claimants are former owners of 6.1 acres of land in the Town of Schuyler Falls, Clinton County, which they used for the disposal of septic waste for approximately 20 years prior to its appropriation by petitioner. In 1979, the Department of Environmental Conservation (hereinafter DEC) approved petitioner's application, which included claimants' property, for a permit to operate a sanitary landfill. Although the permit expired in 1982, petitioner continued to use the Schuyler Falls landfill. On December 1, 1985, petitioner appropriated the subject property for the purpose of using it as a sanitary landfill and offered claimants the sum of $6,357 as full payment. Believing this offer to be insufficient, claimants filed a claim pursuant to EDPL article 5 and a nonjury trial was conducted by Supreme Court. Following the trial, Supreme Court found that the highest and best use of the property was as a septic landfill and that its value was $9,644. Claimants thereafter moved for an additional allowance pursuant to EDPL 701, which was denied. A judgment was entered accordingly and claimants appeal, contending, as they did in Supreme Court, that their property should be valued at $305,000 based upon its highest and best use as a sanitary landfill.

The owner of property that has been taken in condemnation is entitled to just compensation (US Const, 5th Amend; NY Const, art I, § 7 [a]). The standard for compensation generally is "market value at the time of appropriation, that is, the price a willing buyer would have paid a willing seller for the property" (*Matter of Town of Islip [Mascioli]*, 49 NY2d 354, 360). The highest and best use of the property should provide the basis for the appraisal "even though the owner may not have been utilizing the property to its fullest potential when it was taken by the public authority" (*supra*, at 360; *see, Matter of County of Suffolk [Firester]*, 37 NY2d 649, 652). However, "[a] use which is no more than a speculative or hypothetical arrangement * * * may not be accepted as the basis for an award" (*Matter of City of New York [Shorefront High School-Rudnick]*, 25 NY2d 146, 149), unless it is so imminent that it would have a bearing upon the appropriate market (*see*, 51 NY Jur 2d, Eminent Domain, § 171, at 250). It is also settled that proper discounts must be made for the cost that would be incurred if the land were developed for a particular use as its highest and best use (*see, Village of Massena v 50,500 Square Feet of Land*, 9 AD2d 980; *Metzner v State of New York*, 59 Misc 2d 603, *affd* 43 AD2d 774).

As a general rule, "in appraising land the fundamental question to be answered is 'what has the owner lost, not what

has the taker gained' " *(St. Agnes Cemetery v State of New York,* 3 NY2d 37, 41, quoting *Boston Chamber of Commerce v Boston,* 217 US 189, 195; *see, Matter of Town of Hempstead,* 81 AD2d 591, 595-596 [Lazer, J., dissenting], *revd* 56 NY2d 1020). Thus, the value of the land for the particular use for which it is taken, the strategic location of the land and the fact that it would cost the taker more to appropriate other lands for the use for which the land is taken have no place in determining compensation *(see, Matter of Metropolitan Transp. Auth. v Capolino Design & Renovation,* 123 AD2d 696, *lv denied* 69 NY2d 610; *New York Tel. Co. v Wadle,* 111 AD2d 791, *lv dismissed* 66 NY2d 602, 759; *Matter of Niagara, Lockport & Ontario Power Co. v Horton,* 231 App Div 402; 51 NY Jur 2d, Eminent Domain, § 178, at 264). It is also recognized, however, that if the special adaptability of the land would increase its value in the open market, apart from the needs of the particular taker, the owner may be entitled to such increase as a part of its market value *(see, Matter of City of New York [New Gen. Hosp.—Cinelli],* 280 App Div 196, *affd* 305 NY 835; 51 NY Jur 2d, Eminent Domain, § 178, at 265).

Here, relying upon *Matter of Town of Esopus (Gordon)* (162 AD2d 829, *lv denied* 77 NY2d 801), claimants argue that their property should be valued on its highest and best use as a sanitary landfill. We disagree. In our view, a number of circumstances distinguish this case from *Esopus* and mitigate in favor of Supreme Court's finding that the highest and best use of the subject property is as a septic landfill. Initially, even though petitioner may have acquired additional acreage for its sanitary landfill, the uncontroverted evidence of claimants' use of the parcel at the time of the taking compels a finding that what they lost was a septic landfill *(see, St. Agnes Cemetery v State of New York,* 3 NY2d 37, 41, *supra).* We also note that, although the land was strategically located within the existing "footprint" approved by DEC in 1979 as part of the sanitary landfill, there has been no demonstration that the parcel's location increased its value on the open market or, more to the point, to any taker other than petitioner *(see, Matter of Metropolitan Transp. Auth. v Capolino Design & Renovation, supra; New York Tel. Co. v Wadle, supra;* 51 NY Jur 2d, Eminent Domain, § 178, at 265).

It is also significant that the property was not permitted under DEC requirements for use as a sanitary landfill after 1982, notwithstanding the fact that petitioner continued that use without a permit. Similarly, there is ample evidence to support Supreme Court's findings that claimants would not be

able to operate a "stand-alone" landfill without complying with the new regulations and that such compliance would cost at least $1 million (see, 6 NYCRR former part 360). Because such an expenditure would not be economical, the highest and best use of the property was not as a sanitary landfill (see, *Village of Massena v 50,500 Square Feet of Land,* 9 AD2d 980, *supra).*

The facts and circumstances present in *Matter of Town of Esopus (Gordon) (supra)* were sharply different. There, our determination to value the property as a sanitary landfill rather than vacant recreational land was based upon the fact that the entire 31-acre parcel had been used continuously as a sanitary landfill for 17 years prior to its taking and was, in fact, being used as such at the time of trial. In *Esopus,* unlike the present case, the public authority's position on valuation was completely contradictory to the property's past, present and future use and all other evidence produced at trial.

The remaining issues do not require extended discussion. We decline to disturb Supreme Court's finding, amply supported by the evidence in the record, that the value of the subject property as a septic landfill is $9,644 (see, *Matter of City of Albany [Brown Equip. Co.],* 199 AD2d 746, 748-749). Finally, Supreme Court correctly exercised its discretion in finding that an additional allowance (see, EDPL 701) was not warranted (see, *First Bank & Trust Co. v State of New York,* 184 AD2d 1034, *affd* 81 NY2d 392).

Cardona, P. J., White, Weiss and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.