■ In the Matter of WELCH FOODS INC., a Cooperative, Appellant-Respondent, v TOWN OF WESTFIELD et al.,

Respondents-Appellants. [635 NYS2d 400] —Case held, decision reserved and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Petitioner commenced this proceeding under article 7 of the Real Property Tax Law, challenging the tax assessment of its real property, a commercial complex that includes a grape processing plant (main plant) with storage sheds, an office building, 1.25 acres of land on which there is an old three-story brick industrial building being used for dead storage (old plant), and 4.45 acres of vacant land within the main plant, located in the Town and Village of Westfield (respondents). Following a bench trial, Supreme Court reduced the assessment. Petitioner appeals and respondents cross-appeal from the judgment.

Initially, we reject the contention of petitioner that respondents' appraisal was deficient and should have been stricken. Although inadequate in some respects, the appraisal, taken as a whole, substantially met the requirements of 22 NYCRR 202.59 (g) (2) (see, Matter of Welch Foods v Town of Portland, 187 AD2d 948). The court was able to weigh the relative merits of the parties' appraisals concerning the two major components of petitioner's property, the main plant, including the tanks and tank buildings, and the office building. Any insufficiency in respondents' valuation of the less valuable old plant and storage sheds, and the failure to value the vacant land separately did not hamper the court in determining value. "[T]he ultimate purpose of valuation [in tax certiorari proceedings] * * * is to arrive at a fair and realistic value of the property involved" (Matter of Great Atl. & Pac. Tea Co. v Kiernan, 42 NY2d 236, 242; see, Matter of Buffalo Hotel Dev. Venture v Tanzella, 184 AD2d 1030).

We reject the further contention of petitioner that the court erred in accepting respondents' appraisal of comparable out-of-State sales of grape juice processing plants. "While it is generally true that comparable sales should not be too remote in location from the subject property" (Matter of Great Atl. & Pac. Tea Co. v Kiernan, supra, at 241), nevertheless, "[r]eceiving evidence of sales of property beyond the immediate vicinity of the subject property is a matter resting in the sound discretion of the trial judge [citation omitted]" (Levin v State of New York, 13 NY2d 87, 92). We have held that, where there is a broad market for a certain kind of plant, reliance may be placed upon sales beyond the area of the subject property (General Elec. Co. v Town of Salina, 116 AD2d 972, affd 69 NY2d 730). It is undisputed that the juice processing industry is national in scope and that the grapes for processing can be

grown only in certain areas of the United States. Those areas include Washington and Michigan, the situs of the comparable sales used by respondents' appraiser. Therefore, the court properly determined the value of the main plant based upon those sales.

In not reducing the $1,100,000 assessment of the office building, the court apparently rejected, in our view properly, the valuations placed upon it by petitioner *(see, Matter of Buffalo Hotel Dev. Venture v Tanzella, supra)*. The court's downward adjustment of $526,000 to the assessment of the office building, beginning with the tax year 1991, to account for asbestos contamination and the cost of remediation, is fully supported by the record.

The court properly concluded that petitioner sustained its burden of rebutting the presumption of validity of the assessment of the main plant, including the tanks and tank building, the old plant, and the storage sheds, and that it sustained its further burden of establishing that they were over-valued *(see, Farash v Smith, 59 NY2d 952, 955-956; Matter of Four Seasons Fitness & Racquet Club v Assessor of Town of Amherst, 212 AD2d 1025; Matter of Welch Foods v Town of Portland, supra)*.

The court adequately set forth the essential facts to support its findings with respect to the main plant and the office building. The court failed, however, to set forth "the essential facts found upon which the ultimate finding[s] of facts" were made in determining the value of the old plant, the storage sheds and the separately valued vacant land located at the main plant (RPTL 720 [2]).

Therefore, we remit the matter to Supreme Court to state the essential facts upon which its findings were based with respect to the old plant, the storage sheds and the vacant land located at the main plant. (Appeals from Order and Judgment of Supreme Court, Chautauqua County, Gerace, J.—Tax Certiorari.) Present—Pine, J. P., Fallon, Callahan, Davis and Boehm, JJ.