■ In the Matter of the Acquisition of Real Property by IROQUOIS GAS TRANSMISSION SYSTEM, L.P., Respondent. JAMES G. KUDLACK et al., Appellants. [640 NYS2d 295] —Yesawich Jr., J. Cross appeals from a judgment of the Supreme Court (Conway, J.H.O.), entered December 27, 1994 in Albany County, which, in a proceeding pursuant to EDPL article 5, determined the compensation due claimants as a result of petitioner's acquisition of real property.

Claimants own a farm comprising 127.9 acres (hereinafter the property), in the Town of Westerlo, Albany County, over which petitioner acquired, by eminent domain, a permanent easement of 3.39 acres for the placement of a natural gas pipeline. When the parties were unable to agree on mutually acceptable compensation for the taking, litigation designed to determine the amount of claimants' damages ensued.

Following a plenary hearing, Supreme Court, after adopting some of each party's proposed findings of fact and conclusions of law, rejecting others, and making additional findings, concluded that claimants had sustained damages of $13,034. Judgment was entered accordingly, but the amount of the judgment was later reduced by stipulation to $11,034, to take into account a portion of an advance payment made by petitioner that was attributable to the permanent easement. The parties cross-appeal from the judgment. Because the findings adopted by the court are inconsistent in several ways, the judgment must be reversed and the matter remitted for further proceedings.

Although Supreme Court specifically found that the infirmities in claimants' appraisal were such as to render it "incapable of review, and afford[ing] no basis to justify an award and therefore [that it] must be disregarded", the court nevertheless relied on important aspects of that appraisal in arriving at its valuation. Particularly, the court adopted the view of claimants' appraiser that the highest and best use of at least a portion of the property was for the sale of residential building lots, and that 13 such lots, eight of which had scenic views, were available for sale before the taking, but only eight lots (several of which were diminished in value by the taking) could

be sold thereafter. The only justification in the record for these findings is claimants' appraisal, which the court purportedly disregarded.

Furthermore, this highest and best use finding conflicts with the appraisal and opinion of petitioner's expert, also explicitly adopted by Supreme Court, that the highest and best use of the property is as agricultural/recreational land. It is unclear whether the court's intention, in making these different highest and best use findings, was to indicate that the agricultural/recreational classification applies only to the remainder of the land, other than the building lots, or that the highest and best use of claimants' property is as agricultural/recreational land, with a potential for future development (*see, Matter of County of Suffolk,* 37 NY2d 649, 652-653). If the former interpretation is indeed what was intended, it is belied by the ultimate valuation placed on the lots, which is apparently based on the per-acre value petitioner's expert assigns to raw agricultural/recreational land.

Moreover, any attempt to harmonize these discrepancies is compounded by the fact that Supreme Court found that the comparable sales of raw acreage underlying petitioner's appraisal—the appraisal on which the court stated it "primarily" relied—were not truly comparable to the subject property. Not only is the effect that this deficiency in the appraisal had on the court's final valuation unexplained (*see, Matter of Adirondack Hydro Dev. Corp.,* 205 AD2d 925, 926-927), but, not unimportantly, it left the court without a range of values with respect to an important component of the ultimate award (*see, 1250 Central Park Ave. v State of New York,* 58 AD2d 688, 689). And, if the potential for development was a factor in valuing this property, we are unable to discern whether, or to what extent, the cost of such development, if any, was considered (*see, Village of Massena v 50,500 Sq. Feet of Land,* 9 AD2d 980, 980-981).

The matter must be remitted so that Supreme Court can more fully articulate its findings with regard to the highest and best use of the property, and the rationale for its valuation decision in light of that use (*see, Matter of Adirondack Hydro Dev. Corp., supra,* at 927). If the court finds the highest and best use of the land (or part of it) to be for development or sales of residential lots (*see, Munro v State of New York,* 30 AD2d 1002, 1003), then, given that the court has determined that claimants' appraisal—the only evidence of the value of land used in that manner—must be disregarded in its entirety, the parties should be afforded an opportunity to submit fur-

ther appraisals predicated on that use, to ensure that a proper valuation is reached (*see, Yaphank Dev. Co. v County of Suffolk*, 203 AD2d 280, 282).

Mercure, J. P., Casey and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.