■ In the Matter of the Acquisition of Real Property by IRO-QUOIS GAS TRANSMISSION SYSTEM, L.P., Appellant; JAMES EUFEMIA et al., Respondents. [641 NYS2d 903] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Conway, J.H.O.), entered February 27, 1995 in Albany County, which, in a proceeding pursuant to EDPL article 5, determined the compensation due claimants as a result of petitioner's acquisition of real property.

Claimants own approximately 31 acres in the Town of Westerlo, Albany County (hereinafter the property), across which petitioner acquired a 0.74-acre permanent easement for the construction and maintenance of a natural gas pipeline. When the parties were unable to agree on acceptable compensation for the taking—petitioner offered $500 and claimants sought

$155,000—litigation ensued. After a plenary hearing, Supreme Court found that the value of claimants' property had been decreased by $83,330 by reason of the taking. Judgment was entered accordingly, and petitioner appeals.

Petitioner maintains, and we agree, that claimants' appraisal report is so flawed as to require its rejection. Significantly, although claimants' appraiser relied on eight sales of allegedly comparable properties, which varied in several material respects, to establish a per-acre value for the subject parcel, he did not make any adjustments to those sale prices to account for their differences from the subject property, nor did his report contain any explanation of the reasons why no adjustments for size (six of the claimed comparables consisted of 2.7 acres or less), location or date of sale (some of the sales occurred several years prior to the taking at issue) were necessary (see, Matter of Northville Indus. Corp. v Board of Assessors, 143 AD2d 135, 136-137; Matter of Burke Apts. v Swan, 137 AD2d 321, 325; City of Buffalo v Diocese of Buffalo, 42 AD2d 817). The appraiser's testimony that no adjustments were made because none were needed, being wholly without basis in the report, could not cure this defect in the appraisal (see, 22 NYCRR 202.61 [e]).

Moreover, although claimants' appraiser found the highest and best use of the property to be for six residential lots, several of which would necessarily have been interior lots without access to an existing road, he valued the property by reference to sales of properties with such access, without making any adjustment for the projected cost of putting in a road and extending utility service along that road to the proposed lots (see, Matter of County of Clinton [Gagnon], 204 AD2d 898, 899; Valley Stream Lawns v State of New York, 9 AD2d 149, 152; compare, Munro v State of New York, 30 AD2d 1002, 1003). Taken together, these deficiencies rendered claimants' appraiser's conclusions as to the value of the land, and the financial feasibility of subdividing it into lots, without probative value.

Supreme Court's determination being based, to a great extent, upon its adoption of claimants' findings of fact, which were, in turn, premised on their appraiser's demonstrably unfounded conclusions, the judgment cannot stand. The matter must, accordingly, be remitted so that Supreme Court can consider whether the remainder of the evidence in the record is sufficient to enable it to determine the property's highest and best use, and the reduction in value brought about by the taking, given that use (cf., Matter of Adirondack Hydro Dev.

*Corp. [Warrensburg Bd. & Paper Corp.]*, 205 AD2d 925, 927). In so doing, the court has to either accept the valuation arrived at by petitioner's appraiser or explain its basis for rejecting or departing from that appraiser's conclusions (*see, Matter of County of Dutchess [285 Mill St.]*, 186 AD2d 891; *Zappavigna v State of New York*, 186 AD2d 557, 560). If the court, viewing the record from this perspective, finds petitioner's appraisal defective, the parties should be allowed to submit further evidence to assist in the assessment of just compensation (*see, Matter of Iroquois Gas Transmission Sys.*, 226 AD2d 808, 809-810; *Yaphank Dev. Co. v County of Suffolk*, 203 AD2d 280, 282).

Parenthetically, we perceive no merit to petitioner's suggestion that Supreme Court erred in refusing to allow petitioner's appraiser to amend his report during the trial, to reflect a purportedly new discovery that the property consists of approximately 31 acres rather than the 11 acres he had originally calculated. An amendment of this type may be permitted by the court, in its discretion, upon a showing of "good cause" therefor (*see*, 22 NYCRR 202.61 [a] [3]). Here, the record reveals that not only did claimants' original damage claim and their appraisal report both indicate that the property is over 30 acres in size, but petitioner's appraiser was also in receipt of a letter from claimants' attorney stating that fact. In these circumstances, Supreme Court cannot be said to have abused its discretion in denying petitioner's request to amend the appraisal report.

We have reviewed petitioner's remaining contentions and find them to be without merit or academic in light of our holding.

Mikoll, J. P., Mercure, Crew III and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.