■ In the Matter of FMC CORPORATION (PEROXYGEN CHEMICALS DIVISION), Respondent-Appellant, v DAVID UNMACK, as Assessor of Town of Tonawanda, et al., Appellants-Respondents, et al., Intervenor-Respondent. [678 NYS2d 426] —Upon remittitur from the Court of Appeals, judgment unanimously affirmed with costs. Memorandum: Supreme Court properly granted the petitions and reduced the assessments of petitioner's property for the 1992 through 1994 tax years. Petitioner demonstrated by a preponderance of the evidence that its property was overvalued by respondents for the tax years at issue. To establish the extent of the overvaluation, petitioner presented the testimony of an experienced real estate appraiser and broker, who prepared a detailed appraisal report. Relying primarily upon the comparable sales method, the appraiser valued the subject property at between 50 and 60% of its full value under respondent's assessment. The appraisal prepared on respondents' behalf, on the other hand, relies exclusively on the cost approach, and fixes the value of the subject property at 2¹/₂ to 3 times its full value under respondents' assessment.

The court properly relied upon the comparable sales data provided by petitioner's appraiser and rejected the use of the cost approach. Evidence of comparable sales is the preferred measure of a property's value for assessment (*see, Matter of Allied Corp. v Town of Camillus,* 80 NY2d 351, 356, *rearg denied* 81 NY2d 784). "Despite the difficulties of computing the market value of large industrial complexes, the market value method of valuation is preferred as the most reliable measure of a property's full value for assessment purposes (*see,* RPTL 305; *Grant Co. v Srogi,* 52 NY2d 496, 510; *G.R.F., Inc. v Board of Assessors,* 41 NY2d 512, 513), and where, as here, evidence of a recent sale price is lacking, market value may be deter-

mined with reference to recent sales of comparable properties (*Matter of Merrick Holding Corp. v Board of Assessors*, 45 NY2d 538; *Matter of Great Atl. & Pac. Tea Co. v Kiernan*, 42 NY2d 236)" (*Matter of General Elec. Co. v Town of Salina*, 69 NY2d 730, 731). The court properly considered six of the seven comparable sales utilized by petitioner's appraiser and relied upon three of those sales in calculating the value of the subject property. The record supports the court's determination that three of the properties were sufficiently similar to the subject property to assist in determining its value, and that three of the properties were directly comparable. The record further supports the adjustments made by the court to petitioner's comparable sales data to account for the unique features of the subject property. In making those adjustments, the court "arrive[d] at a fair and realistic value of the property involved" (*Matter of Great Atl. & Pac. Tea Co. v Kiernan, supra*, at 242). (Appeals from Judgment of Supreme Court, Erie County, Flaherty, J.—RPTL.) Present—Green, J. P., Pine, Wisner, Balio and Fallon, JJ.