■ In the Matter of BALBOAA LAND DEVELOPMENT, INC., Respondent, v RICHARD SHELL, as Sole Assessor, et al., Appellants. [683 NYS2d 668] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Brown, J.H.O.), entered December 19, 1996 in Fulton County, which granted petitioner's applications, in six proceedings pursuant to RPTL article 7, to reduce the tax assessments for the years 1990 to 1995 on real property owned by petitioner.

Petitioner challenges the real property tax assessments, for the years 1990 through 1995 of several parcels of real property located in the Town of Caroga, Fulton County. Together the properties comprise approximately 55 acres on and near the shore of Caroga Lake, consisting of an amusement park, a restaurant and main pavilion, several ancillary buildings, parking lots and a ballfield.

Originally nine separate parcels, they were assessed for the years 1990 and 1991 as follows:

| | |
|---|---|
| SBL #68.18-1-23 | $417,800 |
| SBL #68.18-1-22 | 7,200 |
| SBL #68.18-1-21 | 9,000 |
| SBL #68.18-1-17 | 27,100 |
| SBL #68.00-1-46 | 23,400 |
| SBL #83.06-1-1 | 2,000 |
| SBL #83.06-1-2 | 6,200 |
| SBL #83.06-1-4 | 1,800 |
| SBL #83.06-1-12 | 4,300 |

Beginning in 1992, parcel #68.18-1-17 was merged into parcel

#68.00-1-46, with the latter being assessed at a total value of $40,000 in 1992, 1993, 1994 and 1995. Similarly, parcels #83.06-1-2 and #83.06-1-12 were merged into parcel #83.06-1-1, which was thereafter assessed at $12,500. The valuations placed on the other parcels remained constant during all of the years in question.

The total assessment for the properties was $498,800 in 1990 and 1991, and $488,300 in 1992 through 1995. According to petitioner's appraiser, all of the parcels together are worth only $115,000. Respondent's appraiser arrived at a total value of $394,000, broken down (for 1990 and 1991) as follows:

| | |
|---|---|
| SBL #68.18-1-23 | $260,000 |
| SBL #68.18-1-22 | 29,000 |
| SBL #68.18-1-21 | 11,000 |
| SBL #68.18-1-17 | 15,000 |
| SBL #68.00-1-46 | 67,000 |
| SBL #83.06-1-1 | 2,000 |
| SBL #83.06-1-2 | 3,000 |
| SBL #83.06-1-4 | 2,000 |
| SBL #83.06-1-12 | 5,000 |

For the years 1992-1995, he assigned a value of $81,000 to the merged parcel #68.00-1-46 (formerly #68.00-1-46 and #68.18-1-17), and $11,000 to the new parcel #83.06-1-1 (formerly #83.06-1-1, #83.06-1-2 and #83.06-1-12).

After considering the opinions of both appraisers and other information, including the price petitioner paid for the property at a foreclosure sale in 1989, Supreme Court found that petitioner had satisfied its initial burden of coming forth with substantial evidence that the assessments were excessive, and further found the actual market value of the properties, in 1990 and 1991, to have been $272,000, allocated as follows:

| | |
|---|---|
| SBL #68.18-1-23 | $170,000 |
| SBL #68.18-1-22 | 10,000 |
| SBL #68.18-1-21 | 11,000 |
| SBL #68.18-1-17 | 2,000 |
| SBL #68.00-1-46 | 67,000 |
| SBL #83.06-1-1 | 2,000 |
| SBL #83.06-1-2 | 3,000 |
| SBL #83.06-1-4 | 2,000 |
| SBL #83.06-1-12 | 5,000 |

For the subsequent years, parcels #68.18-1-23, #68.18-1-22, #68.18-1-21, #83.06-1-4 and (the merged) #68.00-1-46 were assigned the same values, with #83.06-1-1 valued at $12,000, again for a total of $272,000. Respondents now appeal.

With respect to those parcels for which Supreme Court ar-

rived at a valuation equal to, or greater than, the assessed value, no reduction was warranted. As to those parcels (as well as parcel # 83.06-1-2, with respect to which the court adopted the valuation proposed by the Town's appraiser, and parcel # 83.06-1-1, which was found to be worth more than the Town's expert had suggested), there is no issue before us for resolution, for respondents are not aggrieved (*see, Matter of Wantagh Racquet Sports v Board of Assessors*, 133 AD2d 766, 768, *lv denied* 70 NY2d 614). Thus, for the years 1990 and 1991, only the court's findings regarding parcels #68.18-1-23 and #68.18-1-17 are at issue, and for the years 1992 through 1995, it is only the valuation of parcel #68.18-1-23 that is contested.* Respondents maintain that a reversal is warranted because Supreme Court did not include, in its decision, sufficient explanation of the factual underpinnings of its conclusions as to value (*see*, RPTL 720 [2]), and petitioner failed to meet its initial burden of rebutting the presumption of validity that attaches to real property assessments (*see, Matter of FMC Corp. v Unmack*, 92 NY2d 179, 188).

At the outset, we reject respondents' suggestion that petitioner's appraisal report should have been stricken or entirely disregarded, as their expert used only one allegedly comparable sale to arrive at a value for the subject premises, and did not make explicit, numerical adjustments to arrive at that value. The narrative explanation provided by petitioner's appraiser adequately set forth the particular facts which led him to conclude that the two properties were, in relevant respects, extremely similar, and that, as a result, only a nominal adjustment of $5,000 was necessary (*compare, Matter of Iroquois Gas Transmission Sys. [Eufemia]*, 227 AD2d 713, 714).

Turning to the individual valuations in dispute, parcel #68.18-1-23 is a 3.6-acre parcel, located directly on the lake shore, on which are found most of the improvements that comprise the amusement park itself, including a restaurant, an ice cream stand, a bath house and a pavilion. Although assessed at $417,800, this parcel was valued by respondents' appraiser at only $260,000 and by petitioner's appraiser at $78,000. Supreme Court accepted neither of these figures, placing a value of $170,000 on the parcel. Although petitioner clearly met its initial burden of demonstrating "the existence

* Insofar as Supreme Court established a market value for some of the subject properties that was greater than the challenged assessments, the judgment shall be corrected to delete these findings and to dismiss the petitions with respect to those parcels (*see, Matter of Shubert Org. v Tax Commn.*, 60 NY2d 93, 95).

of a valid and credible dispute" as to the valuation of this parcel (*see, Matter of FMC Corp. v Unmack, supra*, at 188)—not only through its own appraisal, which set the value of the entire park at $115,000, but also through respondents' appraisal (*see, Matter of Buffalo Hotel Dev. Venture v Tanzella*, 184 AD2d 1030, 1030-1031), as well as the fact that petitioner had acquired all of the subject properties in 1989 for a mere $195,000 (*see, Matter of Welch Foods v Town of Portland*, 187 AD2d 948, 948-949; *Healey-Ostenfeld Realty Corp. v Green*, 101 AD2d 878)—the matter must nevertheless be remitted, for Supreme Court has not adequately set forth the facts upon which it relied in arriving at a value of $170,000 for this parcel.

The same is true with respect to parcel #68.18-1-17, a small strip of land (approximately 0.2 acres) abutting the largest parcel (#68.00-1-46, a 47.6-acre lot containing a ballfield, woods and a recreation shed), that was assessed in 1990 and 1991 at a value of $27,100. In view of the opinion of respondent's appraiser that this property was worth only $15,000, it cannot be disputed that petitioner satisfied its initial burden with respect thereto. Nevertheless, while Supreme Court found, without explication, that respondent's appraiser overvalued the subject properties, and implied that it had given more credence to other indicia of value (e.g., the actual and proposed selling prices for the entire park), the court did not provide any explanation of the basis for its decision to reduce this parcel's assessment to $2,000. Inasmuch as the record does not enable us to intelligently review these aspects of the judgment (*see, Matter of Blue Hill Plaza Assocs. v Assessor of Town of Orangetown*, 230 AD2d 846, 847, *lv denied*, 89 NY2d 804; *cf., City of Buffalo v Diocese of Buffalo*, 42 AD2d 817), the matter must be remitted to allow Supreme Court an opportunity to set forth the particular factual grounds underlying its conclusions, in accordance with RPTL 720 (2) (*see, Matter of Four Seasons Fitness & Racquet Club v Assessor of Town of Amherst*, 212 AD2d 1025).

Mikoll, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as established a market value for parcels #68.18-1-22, #68.18-1-21, #68.00-1-46, #83.06-1-4 and #83.06-1-12 in excess of the parcel's assessed value for the tax years 1990 through 1995; the petitions are dismissed as to said parcels, as well as parcels #83.06-1-1 and #83.06-1-2; with respect to the remaining parcels (#68.18-1-23 and #68.18-1-17), decision withheld, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.