■ In the Matter of George Adler et al., Appellants, v Nassau County, Respondent. [857 NYS2d 914]—

In a proceeding pursuant to CPLR article 78 to review a determination of a Hearing Officer, dated January 9, 2007, which

granted the petitioners' application pursuant to Real Property Tax Law article 7 to reduce the tax assessment on their real property only to the extent of reducing the assessment by $174, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Galasso, J.), entered April 11, 2007, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

"[T]he purchase price set in the course of an arm's length transaction of recent vintage, if not explained away as abnormal in any fashion, is evidence of the 'highest rank' to determine the true value of the property at that time" (*Plaza Hotel Assoc. v Wellington Assoc.*, 37 NY2d 273, 277 [1975]; *see W.T. Grant Co. v Srogi*, 52 NY2d 496, 511 [1981]; *Healey-Ostenfeld Realty Corp. v Green*, 101 AD2d 878 [1984]). Here, evidence as to the petitioners' purchase of the subject property provided a rational basis for the hearing officer's determination, and the Supreme Court therefore correctly sustained that determination (*see Matter of Gershon v Nassau County Assessment Review Commn.*, 29 AD3d 909 [2006]). The petitioners' claim that the respondent, the hearing officer, and the Supreme Court were bound by the determination in a prior small claims assessment review proceeding is without merit (*see* RPTL 735; *Matter of McDonald v Briggs*, 245 AD2d 1037 [1997]). Rivera, J.P., Spolzino, Dillon and Balkin, JJ., concur.