**66** In the Matter of Western Ramapo Sewer Extension Project. Split Rock Partnership, Respondent; Rockland County Sewer District No. 1, Appellant. [990 NYS2d 895]—

In a claim pursuant to EDPL article 5 for compensation arising from the condemnation of real property, the condemnor, Rockland County Sewer District No. 1, appeals, as limited by its brief, from stated portions of (1) a decision of the Supreme Court, Rockland County (LaCava, J.), dated November 13, 2012, made after a nonjury trial, (2) an order of the same court dated December 10, 2012, which, inter alia, sua sponte, amended the decision, and (3) a judgment of the same court (Tolbert, J.), entered February 4, 2013, which, upon the decision, as amended, and the order, among other things, is in favor of the claimant and against it in the principal sum of $7,855,200 as and for just compensation for the taking of the claimant's real property.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the claimant.

The appeal from the order must be dismissed because no appeal lies as of right from an order that does not decide a motion made on notice, and we decline to grant leave to appeal in view of the fact that a judgment has been entered in the action (*see Szewczuk v Szewczuk*, 107 AD3d 692, 692 [2013]; *see generally Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The claimant, Split Rock Partnership (hereinafter Split Rock), owned approximately 64 acres of vacant land (hereinafter the subject property) in the Village of Hillburn, located in the Town

of Ramapo in Rockland County. In November 2004, Split Rock executed a contract of sale (hereinafter the Wilder Contract) to sell the subject property to a developer, the Wilder Companies. In February 2005, Rockland County Sewer District No. 1 (hereinafter the Sewer District) acquired the subject property by condemnation to facilitate the extension of sewer service. Split Rock thereafter commenced this proceeding to determine the appropriate amount of compensation due to it for the taking of the subject property.

"The measure of damages must reflect the fair market value of the property in its highest and best use on the date of the taking, regardless of whether the property is being put to such use at the time" (*Chester Indus. Park Assoc., LLP v State of New York*, 65 AD3d 513, 514 [2009], quoting *Chemical Corp. v Town of E. Hampton*, 298 AD2d 419, 420 [2002]). The determination of highest and best use must be based upon evidence of a use which reasonably could or would be made of the property in the near future (*see Matter of City of New York [Broadway Cary Corp.]*, 34 NY2d 535 [1974]; *Matter of City of New York [Rudnick]*, 25 NY2d 146, 148-149 [1969]). Here, contrary to the Sewer District's contentions, Split Rock satisfied its burden of demonstrating that the highest and best use of the subject property was for the commercial development of an office center.

A property's market value is defined as " 'the amount which one desiring but not compelled to purchase will pay under ordinary conditions to a seller who desires but is not compelled to sell' " (*936 Second Ave. L.P. v Second Corporate Dev. Co., Inc.*, 10 NY3d 628, 632 [2008], quoting *Plaza Hotel Assoc. v Wellington Assoc.*, 37 NY2d 273, 277 [1975]). "[T]he purchase price set in the course of an arm's length transaction of recent vintage, if not explained away as abnormal in any fashion, is evidence of the 'highest rank' to determine the true value of the property at that time" (*Plaza Hotel Assoc. v Wellington Assoc.*, 37 NY2d at 277; *see Matter of Adler v Nassau County*, 52 AD3d 506, 507 [2008]; *Matter of Village of Port Chester*, 42 AD3d 465, 467 [2007]).

The Supreme Court properly considered the unconsummated Wilder Contract as admissible evidence of the subject property's value since the Sewer District failed to demonstrate that the transaction was "abnormal" or was not an "arm's length transaction" (*Plaza Hotel Assoc. v Wellington Assoc.*, 37 NY2d at 277; *see Matter of Metropolitan Transp. Auth. [Washed Aggregate Resources, Inc.]*, 102 AD3d 787, 792 [2013]; *Novack v State of New York*, 61 AD2d 288, 292 [1978]). Furthermore, contrary to the Sewer District's contention, under the circumstances of this

case, the fact that Split Rock knew of the potential condemnation prior to executing the Wilder Contract does not demonstrate that Split Rock entered into the Wilder Contract in bad faith for the purpose of inflating the value of the subject property (see Matter of Metropolitan Transp. Auth., 86 AD3d 314, 325 [2011]; Matter of Town of E. Hampton [Windmill II Affordable Hous. Project (9 Parcels)], 44 AD3d 963, 964 [2007]).

The Supreme Court providently exercised its discretion in precluding two of the Sewer District's witnesses from testifying at trial as experts, based upon its noncompliance with CPLR 3101 (d) (1) (i) (see Rivers v Birnbaum, 102 AD3d 26 [2012]; Sushchenko v Dyker Emergency Physicians Serv., P.C., 86 AD3d 638, 639 [2011]; Mohamed v New York City Tr. Auth., 80 AD3d 677, 678 [2011]; Parlante v Cavallero, 73 AD3d 1001, 1003 [2010]). In this regard, the Sewer District did not disclose or identify either witness until after the trial had begun, and provided no explanation for that failure.

Contrary to the Sewer District's contention, the Supreme Court providently exercised its broad discretion in granting Split Rock's application for an adverse inference against the Sewer District with respect to the destruction of the draft appraisal reports prepared by its appraiser and draft feasibility studies prepared by its civil engineering firm (see Matter of Village of Port Chester [Bologna], 95 AD3d 895, 897 [2012]; see generally Shayovich v 800 Ocean Parkway Apt. Corp., 77 AD3d 814, 815 [2010]; Gotto v Eusebe-Carter, 69 AD3d 566, 567-568 [2010]).

The Sewer District's remaining contentions are without merit. Dickerson, J.P., Leventhal, Hall and Miller, JJ., concur.