RAG Herkimer, LLC v Herkimer County (2022 NY Slip Op 04854)

RAG Herkimer, LLC v Herkimer County

2022 NY Slip Op 04854

Decided on August 4, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND WINSLOW, JJ.

461 CA 21-01611

[*1]RAG HERKIMER, LLC, PLAINTIFF-APPELLANT,
v
HERKIMER COUNTY, DEFENDANT-RESPONDENT. (APPEAL NO. 2.) 

LONGSTREET & BERRY, LLP, FAYETTEVILLE (MICHAEL J. LONGSTREET OF COUNSEL), FOR PLAINTIFF-APPELLANT.
THE WEST FIRM, PLLC, ALBANY (CHRISTOPHER W. RUST OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Herkimer County (Charles C. Merrell, J.), entered October 21, 2021 in a proceeding pursuant to Eminent Domain Procedure Law. The judgment, among other things, awarded defendant costs and disbursements. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, plaintiff appeals from a decision, entered after a bench trial on the issue of just compensation, determining that the fair market value of certain real property that had been acquired by defendant through eminent domain was $575,600. In appeal No. 2, plaintiff appeals from a judgment that, inter alia, restated the value of the property and awarded defendant costs and disbursements.
Inasmuch as no appeal lies from a mere decision, the appeal from the decision in appeal No. 1 must be dismissed (see Moyer v Moyer, 198 AD3d 1384, 1384 [4th Dept 2021]; Kuhn v Kuhn, 129 AD2d 967, 967 [4th Dept 1987]). We affirm the judgment in appeal No. 2.
"Both the State and Federal Constitutions require that owners receive just compensation when private property is taken for public use" (520 E. 81st St. Assoc. v State of New York, 99 NY2d 43, 47 [2002]). Just compensation for a taking must be "determined according to the fair market value of the property in its highest and best use" (Matter of City of New York [Rudnick], 25 NY2d 146, 148 [1969]). Here, contrary to plaintiff's assertion, we conclude that "the evidence supports [Supreme Court's] finding that the highest and best use of the property is [low-intensity] commercial, [and] that finding should not be disturbed" (Matter of City of Syracuse Indus. Dev. Agency [Alterm, Inc.], 20 AD3d 168, 171 [4th Dept 2005]; see Matter of Rochester Urban Renewal Agency v Lee, 83 AD2d 770, 770 [4th Dept 1981]; see generally Matter of FFT Senior Communities, Inc. v Town of Canandaigua, 96 AD3d 1396, 1396 [4th Dept 2012], lv denied 20 NY3d 856 [2013]).
We also reject plaintiff's contention that the court erred in accepting comparable sales of defendant's expert rather than its expert's comparable sales. Whether to accept evidence of remote sales, such as those relied upon by plaintiff's expert, is a matter committed to the court's discretion and depends "on the nature and character of the property involved" (Matter of Great Atl. & Pac. Tea Co. v Kiernan, 42 NY2d 236, 242 [1977]; see also Matter of General Elec. Co. v Town of Salina, 69 NY2d 730, 731 [1986]; Welch Foods v Town of Westfield, 222 AD2d 1053, 1054 [4th Dept 1995]; see generally Matter of Allied Corp. v Town of Camillus, 80 NY2d 351, 356 [1992], rearg denied 81 NY2d 784 [1993]). Here, the court did not abuse its discretion in rejecting the remote comparable sales of plaintiff's expert, which it concluded were derived from "strikingly different" markets. Further, although the comparable sales of defendant's expert [*2]"may leave much to be desired, the trial court could accept [them] as the best basis for evaluating the property and[,] with a proper adjustment for [their] differences from the instant property, utilize [them]" (Niagara Falls Urban Renewal Agency v 123 Falls Realty, 66 AD2d 1009, 1010 [4th Dept 1978], appeal dismissed 46 NY2d 997 [1979], lv denied 47 NY2d 711 [1979] [internal quotation marks omitted]).
We have considered plaintiff's remaining contentions and conclude that they lack merit.
Entered: August 4, 2022
Ann Dillon Flynn
Clerk of the Court