■ In the Matter of MARK JORDAN, Appellant, v CATHERINE L. JORDAN, Respondent. [732 NYS2d 478] —Cardona, P. J. Appeal from an order of the Family Court of Schenectady County (Reilly, Jr., J.), entered February 28, 2000, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' children.

The parties, husband and wife, married in 1979. They have four children: Melissa (born in 1984), Allison (born in 1987), Kathleen (born in 1990), and Margaret (born in 1994). When the parties separated in 1996, the children remained with respondent at the marital residence. Initially, petitioner visited with all four children, however, after a few weeks Melissa refused to visit. A short time thereafter, Allison stopped visiting with her father and, by December 1997, Kathleen did the same.

In January 1998, petitioner filed a petition seeking an award of custody and respondent cross-petitioned for an order of child support and spousal maintenance. Following a hearing, Family Court rendered its decision, which, *inter alia*, awarded sole custody of the children to respondent, granted petitioner specific visitation rights with Margaret and directed visitation with the three older children as "[petitioner] and the children may agree."

Petitioner, as so limited by his brief, contends that Family Court erred by failing to award him specific periods of visitation with the three older children and visitation during the children's school recesses. He argues that Family Court's award of visitation, conditional on the wishes of the children except

for Margaret, essentially deprives him of any meaningful contact with them since they will continue to refuse to visit. Petitioner stresses Family Court's finding that there is no evidence that he should be denied visitation based upon his conduct. We find sufficient expert evidence in this record to support that proposition.

Respondent argues that Family Court's decision not to award specified visitation with the three older children is supported by the record. Unfortunately, in our opinion, there is clearly a reasonable basis for the older children, particularly Melissa and Allison, to be angry and upset with their father. In their eyes, he abandoned the family when he left in August 1996 and was not discreet in his relationship with his paramour. Additionally, they have been adversely affected by petitioner's conduct toward respondent, perceived occasions when he was less than truthful with them, heard him threaten suicide and observed his bouts with depression. Given petitioner's behavior and, considering all the circumstances herein, it is understandable that these children exhibit reluctance to visit with him. On the other hand, respondent does not appear to be blameless in this very tragic and sad situation. While we do not conclude that she actively interfered with petitioner's repeated efforts to visit with the children, we cannot say that Family Court erred by observing that she passively influenced their attitudes toward petitioner, particularly in her ambivalence in dealing with their manifestations of anger directed at him and their denigration of him. It is important that respondent realize that she has a responsibility to foster a meaningful relationship between petitioner and the children.

Certainly, "[i]t is fundamental that the best interests of the children are the paramount concern in determining a visitation schedule" (*Matter of La Scola v Litz*, 258 AD2d 792, *lv denied* 93 NY2d 809). If petitioner and the older children are to have meaningful interaction, regular visitation must be the goal (*see, Matter of Dehlman v White*, 196 AD2d 939, 940). Toward that end, and in the absence of proof in the record that visitation would result in significant emotional harm to the children (*see, Matter of Iadicicco v Iadicicco*, 270 AD2d 721, 722), we find that Family Court should not have directed visitation based upon the children's desires (*see, id.*). We note that petitioner has consistently made efforts to visit with the children. We further note that he obtained professional assistance, including medication, to deal with his depression, and the expert witnesses never did nor do they now consider him a suicide risk or a danger to the children. He attended several

therapeutic visitation sessions with the children prior to the termination of the proceeding in Family Court. The court-appointed expert, Alfred Wolfer, recommended that the children need to spend time with petitioner. No expert has refuted that recommendation. Therefore, although we realize that this is a very difficult situation for the children and the parents, we conclude that petitioner must be accorded a further opportunity to mend his relationship with his children, and we find that this can only occur if contact is restored through visitation. Accordingly, we modify Family Court's order by deleting the third decretal paragraph which ordered that "petitioner * * * shall have reasonable rights of visitation with [Melissa, Allison and Kathleen] as he and the children may agree" and instead order that petitioner shall have visitation with Melissa on the first Monday of each month, Allison on the second Monday of each month, Kathleen on the third Monday of each month, and that Melissa, Allison and Kathleen shall also visit together with petitioner on the fourth Monday of each month, with all such visitations to be from 5:30 P.M. to 8:30 P.M. In addition, we order that there shall be such other reasonable visitation, including holidays and birthdays, as petitioner and respondent may agree.

Finally, as petitioner failed to specifically raise the issue of visitation during school vacations, we find no error on the part of Family Court in failing to address it. Nor may we address the issue since the record is insufficient to permit intelligent appellate review of it.

Crew III, Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by deleting the third decretal paragraph therein which reads "ORDERED that the petitioner father, Mark Jordan, shall have reasonable rights of visitation with Melissa Jordan, Allison Jordan and Kathleen Jordan, as he and the children may agree" and substituting therefor the following paragraph: ORDERED that the petitioner father, Mark Jordan, shall have visitation with his daughters: (1) Melissa, the first Monday of each month; (2) Allison, the second Monday of each month; (3) Kathleen, the third Monday of each month; (4) Melissa, Allison and Kathleen shall also visit together with petitioner on the fourth Monday of each month; all visitations on Monday shall be from 5:30 P.M. to 8:30 P.M.; and (5) there shall be such other reasonable visitation, including holidays and birthdays, as petitioner father, Mark Jordan, and respondent mother, Catherine Jordan, may agree; and, as so modified, affirmed.