■ Kevin R. Murray, Appellant, v Barbara J. Skiff-Murray, Respondent. [734 NYS2d 349] —Rose, J. Appeal from an order of the Family Court of Washington County (Austin, J.), entered June 27, 2000, which, upon referral of the matter from Supreme Court, directed that defendant be awarded sole custody of the parties' two children.

The parties, who married in 1993, are the parents of two daughters, born in 1995 and 1996. The parties separated in July 1997, and plaintiff commenced a divorce action in December 1997. After issuing a temporary order of joint

---

custody in September 1999 giving physical custody of both children to defendant and extensive visitation to plaintiff, Supreme Court referred the issues of child custody, visitation and support to Family Court. Following a hearing and in camera interviews with the children, Family Court awarded defendant sole custody and reduced plaintiff's visitation. Contending that this decision lacks a sound and substantial basis in the record, plaintiff appeals.

Family Court initially found both parties here to be caring, intelligent and stable parents with conducive home environments. Citing evidence of the parties' acrimony, the court nevertheless determined that a joint custody arrangement was no longer workable or appropriate. "An award of joint custody is only appropriate where the parties involved are relatively stable, amicable parents * * * capable of cooperating in making decisions on matters relating to the care and welfare of the children" (*Trolf v Trolf*, 126 AD2d 544, *lv dismissed* 69 NY2d 1038 [citations omitted]). The record here includes corroborated descriptions of numerous incidents during the year preceding the Family Court hearing that establish a deterioration of the parties' relationship and their inability to agree on what was best for the children (*see, Matter of Ebel v Urlich*, 273 AD2d 530, 531; *Matter of Gaudette v Gaudette*, 262 AD2d 804, 805, *lv denied* 94 NY2d 790). Based on interviews with the parties, the court-appointed psychological evaluator, John Mullaney, opined that there is "a real animosity and antagonism" between them. Defendant testified as to the parties' inability to agree on the conduct of court-ordered visitation and described one incident when police intervention was required to obtain the children's return. Plaintiff also acknowledged difficulties and disagreements with defendant concerning visitation. On cross-examination, plaintiff testified that he had once required defendant to sign a written acknowledgment upon his return of the children and that, on another occasion, he had sought police assistance in obtaining visitation. Thus, Family Court's decision to deny joint custody has a substantial basis in the record.

Given that the children had a strong bond with both parties, Family Court also correctly concluded that Mullaney's assessment of the parties' parenting skills and the continuity of the children's care were the determining factors in awarding sole custody. Based on the undisputed evidence that defendant had been the primary caretaker of the children since July 1997 and the testimony of Mullaney, as well as that of all other witnesses except for plaintiff and his paramour, Family Court

concluded that the continuity of care and defendant's parenting skills made her the preferable custodial parent. Thus, the record also provides a sound and substantial basis for Family Court's decision that the children's best interests required an award of custody to defendant.

Finally, as to the visitation awarded to plaintiff, we note that Family Court's order is crafted to minimize the conflicts between the parties that were occurring in the course of visitation under Supreme Court's temporary order. Given Family Court's broad discretion in establishing a visitation schedule and its unique opportunity to assess the temperament of the parties here, we decline to disturb its determination (see, Matter of La Scola v Litz, 258 AD2d 792, 793, lv denied 93 NY2d 809).

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.