■ In the Matter of STANLEY W. MAZIEJKA, Respondent, v DEBORAH A. FENNELLY, Appellant. [770 NYS2d 668]—

Mugglin, J. Appeal from an order of the Family Court of Saratoga County (Hall, J.), entered November 27, 2002, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for visitation.

The parties are the parents of Noah, born in 1997. Pursuant to a Family Court order issued in 1999, the parties shared joint and residential custody, the child being transferred midweek. In the subsequent divorce action Supreme Court, by order dated August 21, 2002, determined that, since the child would be entering kindergarten in September 2002, joint custody should be continued, with the mother having primary residential custody. The judgment of divorce further provided "broad and liberal" visitation to the father as agreed to by the parties and referred the matter to Family Court for the resolution of any visitation disputes. The father immediately instituted this proceeding in Family Court, seeking specifically delineated rights of visitation. Following a plenary hearing, Family Court granted the father specific rights of visitation from which order the mother now appeals, contending that the visitation schedule grants the father "de facto custody" in contravention of the Supreme Court judgment, and that the visitation schedule is

not in the best interests of the child. We disagree with these contentions and affirm.

As with custody determinations, the guiding principle in fixing a visitation schedule is the best interests of the child (*see Matter of La Scola v Litz*, 258 AD2d 792, 792-793 [1999], *lv denied* 93 NY2d 809 [1999]). Unless visitation is inimical to the child's welfare (*see Matter of Iadicicco v Iadicicco*, 270 AD2d 721, 722 [2000]), Family Court is required to structure a schedule which results in frequent and regular access by the noncustodial parent (*see Matter of Jordan v Jordan*, 288 AD2d 709, 710 [2001]). Here, the record reveals that Family Court properly exercised its discretion, appropriately considering both the best interests of the child and the need for meaningful visitation. The court heard testimony that both parents were fit and loving and that the previous joint custodial arrangement worked satisfactorily, with no apparent adverse impact on the child. In addition, the mother, during her direct testimony, proposed a visitation schedule nearly identical to that ultimately adopted by the court. She repeated and clarified the proposal when cross-examined by the father's counsel and the child's Law Guardian and again when queried by the court. The court also determined that the mother's testimony was "thoroughly incredible" and, therefore, discredited a significant portion of it. We find no basis to disturb this credibility determination (*see Matter of Watts v Watts*, 290 AD2d 822 [2002], *lv denied* 97 NY2d 614 [2002]). In short, this record fully supports Family Court's conclusions and the visitation schedule that it established.

Spain, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.