■ In the Matter of STEPHEN J. MACK, Respondent, v WANDA R. GRIZOFFI, Appellant. [786 NYS2d 648]—

Kane, J. Appeal from an order of the Family Court of Chenango County (Sullivan, J.), entered November 15, 2002, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.

In 1995, following a finding of neglect against petitioner (hereinafter the father), respondent (hereinafter the grandmother) obtained custody of the father's two children. The father's visitation was subsequently restricted and eventually suspended in 2000. After waiting more than a year, as required by the 2000 order, the father filed a petition for visitation. At the hearing, he moved to amend his petition to request custody as well as visitation. Family Court granted that motion. Between the end of the hearing and the release of the court's decision, the parties filed additional petitions. The court issued a temporary order on the new petitions granting the parties joint custody with each party having physical custody of one child and, on the same date, issued a final order on the father's visitation and custody petition granting the father sole custody of both children. The grandmother appeals from the order granting the father sole custody.

We reject the grandmother's argument that we must reverse because two orders issued on the same day were incurably contradictory. The order on appeal was the only final order of the two. The temporary order related to separate petitions, specifically indicating a return date to continue those matters, and any inconsistency was resolved by later orders in those other matters.

Family Court did not violate the grandmother's right to proper notice when it permitted the father to amend his visitation petition to include custody as well. Parties may amend or supplement their pleadings "at any time by leave of court," with such leave to be "freely given" (CPLR 3025 [b]; see Family Ct Act § 165 [a]). The grandmother did not request a continuance to prepare additional evidence, she did not establish that the amendment would prejudice her in any manner, she did not indicate any different evidence that she would have supplied had she known the hearing would address custody and the evidence she presented applied to custody as well as visitation (see Matter of Chesko v Chesko, 274 AD2d 729, 731 [2000]). In any

event, the legal standard for determining custody and visitation modifications is basically the same (*see Matter of Engwer v Engwer*, 307 AD2d 504, 505 [2003]). Thus, the amendment did not create any prejudice and did not violate the grandmother's due process rights.

The evidence supports Family Court's grant of sole custody to the father. Circumstances changed in that the father had waited more than the required one year mentioned in the prior order, he had been attending counseling regularly and the grandmother failed to keep him advised of issues regarding the children, including a serious hospitalization of and crimes committed against one child. Based on a determination of witness and party credibility, the court found that it would be in the children's best interests to be with the father because the grandmother poisoned the children against their father and adamantly refused to participate in a process of reunification with him. We decline to disturb this finding, which has a sound and substantial basis in the record (*see Matter of Hardy v Short*, 244 AD2d 669, 670 [1997]).

Peters, J.P., Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.