■ In the Matter of KEVIN GREEN, Respondent, v BRENDA PERRY, Appellant. [794 NYS2d 495]—

Peters, J. Appeal from an order of the Family Court of Fulton County (Jung, J.), entered June 16, 2004, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner and respondent were married in 1986 and have one child, Christy (born in 1991). In accordance with their judgment of divorce entered in 1996 which incorporated, but did not merge, a stipulated settlement, they shared joint custody of Christy with primary physical custody to petitioner. Respondent had liberal visitation rights which included holiday, summer and weekend visits. This arrangement continued until July 2003 when, at Christy's request, the parties agreed to modify that order to have respondent assume primary physical custody. Petitioner was granted reasonable and liberal periods of visitation with specific times and dates to be arranged by mutual agreement. Christy resided with respondent in New York City until August 2003 when she was sent to live with her maternal grandmother in the Village of Fort Plain, Montgomery County. Respondent alleges that despite her knowledge of Christy's desire to reside with her, which necessarily entailed a proper school placement, Christy was sent to reside with her grandmother because of the overcrowded school system in New York City. By December 2003, Christy was no longer able to reside with her grandmother, prompting her return to petitioner. In February 2004, petitioner sought to modify the July 2003 order. After a hearing, Family Court granted sole custody to petitioner with visitation to respondent. Respondent appeals and we affirm.

"[T]o modify a preexisting custody arrangement, a petitioner must show 'a change in circumstances which reflects a definite need for modification to ensure the best interests of the children' " (*Matter of Borggreen v Borggreen*, 13 AD3d 756, 757 [2004], quoting *Matter of Thompson v Thompson*, 267 AD2d 516, 517 [1999]; *see Matter of Tavernia v Bouvia*, 12 AD3d 960, 961 [2004]). Petitioner alleged that Christy had always resided with him until she initiated the change reflected in the July 2003 order and, after having spent merely a summer with respondent in New York City, her residence was changed again due to respondent's poor planning. Inasmuch as "stability in a child's life is presumed to be in the child's best interest" (*Matter of Crippen v Keator*, 9 AD3d 535, 536 [2004]), and the frequent residential changes imposed upon Christy as soon as

she was placed in respondent's care had a negative impact on her emotional well-being, we agree that there was a sufficient change in circumstance necessitating a change of custody (*see Matter of Tavernia v Bouvia, supra* at 962).

Respondent contends that because petitioner willfully interfered with her right to visitation, an award of sole custody to him was improper. While we recognize that persistent interference by a custodial parent upon a noncustodial parent's visitation rights could be the basis for a finding that the custodial parent is unfit (*see Matter of Parkhurst v McFall*, 1 AD3d 78, 81 [2003]), the evidence here does not rise to such level. The record reflects that petitioner occasionally interfered with respondent's visitation from the time of Christy's return in December 2003 until May 2004. Both petitioner and respondent testified that Christy was angry with respondent after the failed change in custody and that she refused to speak or civilly interact with her mother. Her anger appeared to be compounded when respondent missed visitation, fueling petitioner's animosity towards respondent during that period. However, there was never a showing that petitioner intentionally or willfully hindered respondent's visitation rights on a persistent basis in an attempt to interfere with her relationship with Christy (*see id.*). Hence, this occasional interference during a limited period over an otherwise uneventful eight-year period does not render him unfit to assume sole custody (*compare Matter of Ahmad v Naviwala*, 306 AD2d 588, 591 [2003], *lv dismissed* 100 NY2d 615 [2003]; *see also Labanowski v Labanowski*, 4 AD3d 690, 695 [2004]).

Next addressing respondent's contention, echoed by the Law Guardian, that Family Court erred in not ordering a specific visitation schedule, we note that neither respondent nor the Law Guardian provided Family Court with any proposed schedule or articulated a desire that it should devise a schedule on its own (*compare Matter of Maziejka v Fennelly*, 3 AD3d 748, 749 [2004]). Accordingly, we fail to find any error (*see Matter of Jordan v Jordan*, 288 AD2d 709, 711 [2001]). Moreover, since it was evident that, by the time of trial, respondent had exercised the full panoply of visitation permitted by their original stipulation for no less than eight years, excluding the five months between December 2003 and May 2004, there was no abuse of discretion in the order issued.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.