■ In the Matter of TODD A. SPARLING, Respondent, v SUSAN E. ROBINSON, Appellant. [826 NYS2d 499]—

Kane, J. Appeal from an order of the Family Court of Delaware County (Becker, J.), entered October 31, 2005, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties are the parents of one child (born in 1997). A 1997 order granted respondent sole custody with visitation to petitioner. In January 2005, petitioner moved across the state, from Delaware County to Franklin County. In March 2005, he petitioned to modify his visitation under the 1997 order based on the distance between the parties' residences. At a March 2005 court appearance, the parties reached a settlement by providing petitioner with visitation on alternate holidays and school breaks plus one month in the summer. Family Court included the terms of that settlement in an order entered in July 2005. Meanwhile, in June 2005, petitioner filed a petition seeking custody of the child, alleging that respondent interfered with his phone contact with the child and disparaged him in front of the child. After a hearing, the court granted petitioner custody and provided respondent the same visitation that

petitioner had received in the July 2005 order. Respondent appeals.

Modification of an existing custody order should only be granted when the petitioner makes "a showing of sufficient change in circumstances, demonstrating a definite need for such modification to ensure the continued best interests of the child" (*Matter of Goodfriend v Devletsah-Goodfriend*, 29 AD3d 1041, 1042 [2006]). Petitioner failed to meet this burden. Although respondent did not have the child return several phone calls from petitioner and members of respondent's household referred to petitioner in derogatory terms at some point in time, this is insufficient to constitute a significant change in circumstances in the short time since the prior order.

Even if a change in circumstances had been established, the record does not support a finding that the child's best interests necessitated a transfer of custody. While respondent may not have encouraged the child's relationship with petitioner by having her return all phone messages from petitioner, she never interfered with his court-ordered visitation and her actions did not affect the child's love and affection for petitioner (*cf. Matter of Green v Perry*, 18 AD3d 923, 925 [2005]; *Matter of Lattuca v Natale-Lattuca*, 293 AD2d 805, 806-807 [2002]; *compare Kaczor v Kaczor*, 12 AD3d 956, 958 [2004]). The main reason petitioner's relationship with his child was curtailed was his choice to move a great distance without informing the court or respondent, and his related inability to comply with the prior visitation schedule.

Stability is important in a child's life, and it would have been maintained through a continuation of custody with respondent, who had been the child's primary caretaker for her entire life. Removing the child from her lifelong home to a distant county also separated her from her two half brothers with whom she had always lived, her friends in the area and a school where she was doing well. Respondent worked on the family farm, so she was able to personally care for the child. Petitioner worked nights, leaving the child in the care of his fiancée or, when she also worked at night, his parents. The record reflects that an indicated report was recently filed against both petitioner and his fiancée for leaving their child with an inappropriate caretaker. Thus, despite some interference by respondent with petitioner's parental relationship, which we do not condone, petitioner failed to show a substantial change in circumstances warranting a change in custody from the child's lifelong primary caretaker, or that such a change in custody would be in the child's best interests (*see Matter of Kelly v Sanseverino*, 278 AD2d 535, 536-537 [2000]).

Based on the foregoing, we need not address respondent's remaining arguments.

Crew III, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.