In the Matter of YOUNGOK LIM, Appellant, v SANGBOM MICHAEL LYI, Respondent. [835 NYS2d 761]—

Kane, J. Appeal from an order of the Family Court of Tompkins County (Rowley, J.), entered March 9, 2006, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties, who are the parents of one son (born in 2000), are Korean citizens who were both graduate students at Cornell University. They moved to the City of Ithaca, Tompkins County before the child was born. Pursuant to a 2001 custody order (*see Matter of Youngok Lim v Sangbom Lyi,* 299 AD2d 763 [2002]) and a stipulated 2003 order, respondent had sole legal custody and the parties equally divided parenting time. After obtaining his Ph.D., respondent remained in Ithaca doing postdoctoral research. Petitioner diligently sought employment in her specific

field, as required for her to obtain a visa and remain in this country after completing her Ph.D. Her job search in the Ithaca area was unsuccessful, but she obtained a position in Newton, Massachusetts. In 2005, petitioner commenced this proceeding seeking sole custody and permission to relocate the child to Massachusetts when she moved. After an extensive hearing, Family Court denied her request for a modification of custody, but issued a modified visitation schedule. Petitioner appeals.

We affirm. When a parent who does not have legal custody seeks to obtain sole custody and relocate the child, the court must analyze the case as a traditional modification of custody case, where the petitioning parent must show a sufficient change in circumstances demonstrating that a modification is truly needed to promote the child's best interests (*see Matter of Sparling v Robinson*, 35 AD3d 1142, 1143 [2006]). Under the court-ordered visitation arrangement here, where the child was in the care and physical custody of each parent exactly half of the time for approximately four out of his five years of life, Family Court did not err in determining that petitioner's necessary relocation out of state constituted a significant change in circumstances for the child.

According deference to Family Court's credibility determinations and assessment of the relevant factors, the record also supports the court's holding that a modification of custody was not required to ensure the child's best interests (*see Matter of Armstrong v Crout*, 33 AD3d 1079, 1080 [2006]; *Matter of Youngok Lim v Sangbom Lyi, supra* at 766). The parties' distrust of one another and difficulties in communicating and sharing information about the child were not new; the situation was similar before the 2001 and 2003 orders granting respondent sole custody. The record discloses that both parents have provided the child with spiritual, cultural, educational and emotional support. Although respondent is more reserved than petitioner in his interaction with the child, the child is loved and nurtured by both parents. We have considered, as did Family Court, respondent's continuing anger and distrust of petitioner and are satisfied that the benefits of remaining in Ithaca with respondent outweigh the negative impact of respondent's attitude toward petitioner. By remaining in Ithaca, the child will maintain stability by keeping the same pediatrician, friends, church, school, activities and day-care center which he had known throughout his life. Considering that both parties were fit and loving parents, petitioner failed to meet her burden of showing that the child's best interests would be served by granting her custody, rather than leaving the child in

a stable and familiar environment (*see Matter of Sparling v Robinson, supra* at 1143; *Matter of Gregio v Rifenburg*, 3 AD3d 830, 832 [2004]).

Crew III, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.