■ JUDITH A. TAIT, Respondent, v DALE E. TAIT, Respondent. JAMES M. HARTMANN, as Law Guardian, Appellant. [844 NYS2d 154]—

Carpinello, J. Appeal from that part of an amended judgment of the Supreme Court (Peckham, J.), entered September 29, 2006 in Delaware County, which granted defendant certain visitation with the parties' children, upon a decision of the court.

In the context of this matrimonial action, plaintiff was granted custody of the parties' four daughters pursuant to a June 2005 order and defendant (hereinafter the father) was awarded limited visitation, namely, three hours on Monday and Wednesday evenings and phone contact on Sunday evening.* This order directed the father to attend a parenting and/or anger management class and further specified that he could re-open the trial on the issue of custody and visitation thereafter. After the father completed a parenting class, he sought increased visitation. In particular, he wanted overnight visitation on the weekends. Following a fact-finding hearing and a *Lincoln* hearing with each daughter, the father was granted an additional two hours during the week and eight hours of visitation one Saturday a month. The Law Guardian appeals, objecting to this increase.

The Law Guardian argues that Supreme Court erred in granting the father increased visitation because he failed to gain insight into anger and parenting issues despite the completion of a parenting class and because the children continue to display fear and discomfort in his presence. Upon our review of the record, including the transcript of the *Lincoln* hearing, we affirm the modest increase of visitation. As in custody matters, the standard to be applied in visitation disputes is the best interests

---

* The parties eldest daughter was given the option of having visitation with the father.

of the children (*see e.g. Matter of Laware v Baldwin*, 42 AD3d 696 [2007]; *Matter of Larry v O'Neill*, 307 AD2d 410, 411 [2003]; *Matter of Mix v Gray*, 265 AD2d 692, 693 [1999]). Here, we are satisfied that the modest increase in visitation permits the desirable end of more meaningful interaction between the children and their father (*see Matter of Maziejka v Fennelly*, 3 AD3d 748, 749 [2004]; *Matter of Effner v Scott*, 194 AD2d 890, 891 [1993]) and recognizes that the best interests of children generally lie with a meaningful relationship with both parents (*see e.g. Matter of Fish v Manning*, 300 AD2d 932, 934 [2002]; *Matter of Jordan v Jordan*, 288 AD2d 709, 710 [2001]). To be sure, nothing in the record raises concern about the safety or well-being of the children in the father's presence (*see Matter of Laware v Baldwin*, 42 AD3d at 696; *compare Matter of Simpson v Simrell*, 296 AD2d 621 [2002]; *Matter of Jordan v Jordan*, 288 AD2d at 710-711). In sum, we are unpersuaded that Supreme Court's decision to increase visitation lacks a sound and substantial basis in the record (*see Matter of Larry v O'Neill*, 307 AD2d at 411), and discern no basis for disturbing its broad discretion in fashioning the subject schedule (*see Murray v Skiff-Murray*, 289 AD2d 805, 807 [2001]; *Matter of La Scola v Litz*, 258 AD2d 792, 793 [1999], *lv denied* 93 NY2d 809 [1999]; *Matter of Effner v Scott*, 194 AD2d at 891).

Cardona, P.J., Mercure, Crew III and Kane, JJ., concur. Ordered that the amended judgment is affirmed, without costs.