■ In the Matter of Chris X., Appellant, v Jeanette Y., Respondent. [1 NYS3d 534]—

Lynch, J. Appeal from an order of the Family Court of Otsego County (Burns, J.), entered September 28, 2013, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 2003 and 2005). In 2006, the parties stipulated to an order providing sole legal custody of the children to the mother and parenting time to the father, subject to certain restrictions. In 2013, the father commenced this proceeding seeking full custody of the children asserting that the mother denied him parenting time and that her lifestyle was unstable. Following a hearing, Family Court dismissed the petition. This appeal ensued.

"[B]efore a court may modify a prior custody order, the petitioner must demonstrate, first, a change in circumstances occurring after issuance of the order sought to be modified and, second, that modification of the previous order is necessary to ensure the children's best interests" (*Matter of Ildefonso v Brooker*, 94 AD3d 1344, 1344 [2012]; *see Matter of Virginia C. v Donald C.*, 114 AD3d 1032, 1033 [2014]). As the parties do not dispute that their noncompliance with the prior order presented a sufficient change in circumstances, the only issue before us is what is in the children's best interests. In determining whether a modification will serve the children's best interests, relevant factors to consider "include, among others, maintaining stability for the child[ren], the respective home environments, length of the current custody arrangement, each parent's relative fitness and past parenting performance, and willingness to foster a healthy relationship with the other parent" (*Matter of Joshua UU. v Martha VV.*, 118 AD3d 1051, 1052 [2014]). Domestic violence also is a necessary factor to consider in determining custody matters (*see Matter of Melissa K. v Brian K.*, 72 AD3d 1129, 1131 [2010]).

Here, the record fully supports Family Court's finding that the father failed to meet his burden of demonstrating that a modification of the prior custody order is necessary to ensure the children's best interests. It is undisputed that the father did not exercise parenting time with the children from 2006 until 2011 when the parties reconciled and began living together. The record reflects, however, that following that reconciliation, the father, in the presence of the children, engaged in fits of domes-

tic violence against the mother and at least one of the children—ultimately forcing the mother to flee with the children to a domestic violence shelter in December 2012. Upon our review of the hearing testimony, and according deference to Family Court's credibility determinations (*see Matter of Hayward v Campbell*, 104 AD3d 1000, 1001 [2013]), we find no reason to disturb the court's determination that awarding sole custody to the father was not in the children's best interests.

The father maintains, nonetheless, that Family Court erred in failing to address parenting time. Both the mother and the attorney for the children counter that, since the father only petitioned for a change in legal custody and failed to make a motion to conform the pleadings to the proof, Family Court was not required to address parenting time.

The 2006 order authorized the father to initially exercise supervised parenting time through his parents, to be "expanded with the approval of the [attorney for the children]."* As recognized by Family Court, the father had minimal contact with the children from 2006 until 2011, when the parties reunited and actually resided together for more than a year. In the petition, which was filed approximately six weeks after the parties separated, the father requested an award of full custody, without addressing parenting time. In his testimony, however, the father expressed a desire to see the children "either weekly or permanently," and to communicate with them by phone or electronically. It was also revealed that the father's parents are deceased and the actual location of the mother and children, who are living out-of-state, was not disclosed.

A court may permit a party to amend his or her pleadings to conform to the evidence "before or after judgment . . . upon such terms as may be just" (CPLR 3025 [c]; *see* Family Ct Act § 165 [a]; *Matter of Mack v Grizoffi*, 13 AD3d 912, 913 [2004]). While we recognize that the father did not make such a motion before Family Court, we find that, based upon the father's testimony, Family Court should have, at a minimum, addressed the issue of providing him with an appropriate manner of contacting and communicating with his children, as he requested. Any suggestion of undue prejudice based on lack of notice is not convincing since "the legal standard for determining

---

* Since the order also directed the parties to apply to Family Court for relief if they were unable to agree on parenting time, we do not agree with the father's contention that the court improperly delegated authority over parenting time to the attorney for the child (*see Matter of Mackenzie V. v Patrice V.*, 74 AD3d 1406, 1407-1408 [2010]; *compare Matter of Aida B. v Alfredo C.*, 114 AD3d 1046, 1049 [2014]).

custody and visitation modifications is basically the same" (*Matter of Mack v Grizoffi*, 13 AD3d at 913-914). The terms of the 2006 order are no longer feasible in view of the passing of the father's parents. Moreover, it is troubling that when asked whether she would have any objection to the children having telephone or electronic contact with the father, the mother responded that it was up to the children (who were 8 and 10 years old at the time of the hearing) and not her call (*see generally Matter of Brown v Erbstoesser*, 85 AD3d 1497, 1499 [2011]). Given the change in circumstances since the 2006 order, it is evident that the father's right to exercise parenting time needs to be reevaluated. Accordingly, we will remit this matter to Family Court to address that issue.

McCarthy, J.P., Garry and Clark, JJ., concur. Ordered that the order is modified, on the facts, without costs, by remitting the matter to the Family Court of Otsego County for further proceeding not inconsistent with this Court's decision, and, as so modified, affirmed.

