# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1254**
**CAF 14-01819**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF ALDA M. MERKLE,
PETITIONER-RESPONDENT,

V                                    MEMORANDUM AND ORDER

CHARLES RICHARD HENRY, RESPONDENT-APPELLANT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR
RESPONDENT-APPELLANT.

PAUL B. WATKINS, ATTORNEY FOR THE CHILD, FAIRPORT.

---

Appeal from an order of the Family Court, Ontario County (William
F. Kocher, J.), entered August 25, 2014 in a proceeding pursuant to
Family Court Act article 6. The order modified the terms of
respondent's visitation with the subject child.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying the petition of the
Attorney for the Child in its entirety, and as modified the order is
affirmed without costs.

Memorandum: Respondent father filed a petition to modify a prior
custody order by seeking joint custody of the child, and the Attorney
for the Child (AFC) filed a petition seeking to suspend visitation
between the child and the father. Pursuant to a consent agreement and
order, petitioner mother had sole custody of the child, and the father
had visitation every weekend. In its decision, Family Court stated
that a hearing had been held on the father's petition, and also
recited that the AFC's petition was before the court. In the
remainder of its decision, however, the court addressed only the AFC's
petition and modified the father's visitation. We agree with the
father that Family Court erred in failing to issue any findings of
fact or conclusions of law in determining whether it was in the best
interests of the child to modify the prior custody arrangement. The
record, however, is sufficient for us to make that determination (*see
Matter of Moredock v Conti*, 130 AD3d 1472, 1473; *Matter of Caughill v
Caughill*, 124 AD3d 1345, 1346). Even assuming, arguendo, that the
father made the requisite showing of a change in circumstances, we
conclude that it was not in the best interests of the child to change
custody from sole custody to joint custody (*see Matter of Dingeldey v
Dingeldey*, 93 AD3d 1325, 1326; *Matter of VanDusen v Riggs*, 77 AD3d
1355, 1355; *Matter of Scialdo v Cook*, 53 AD3d 1090, 1091). The father
suffered from mental illness and did not have a stable living

situation.  In addition, the parties' relationship made a joint custody arrangement not feasible (*see Matter of Mills v Rieman*, 128 AD3d 1486, 1487).  We therefore see no basis for granting the father's petition.

We further agree with the father that the court erred in granting the AFC's petition insofar as it ordered that visitation with the child be "at such times as may be agreed and arranged between the [father] and child," and that the child "shall be expected to initiate contact with [the father] for visitation," and we therefore modify the order accordingly.  There is a rebuttable presumption that a noncustodial parent will be granted visitation (*see Matter of Granger v Misercola*, 21 NY3d 86, 90-91), and the AFC "failed to establish by a preponderance of the evidence that visitation with [the father] would be detrimental to the child, and thus she did not overcome the presumption that visitation with [the father] is in the child's best interest[s]" (*Matter of Cormier v Clarke*, 107 AD3d 1410, 1411, *lv denied* 21 NY3d 865; *see generally Granger*, 21 NY3d at 92).  Inasmuch as the AFC sought only to suspend visitation, not to modify the terms of the visitation, the petition should have been denied in its entirety.  In any event, to the extent the court construed the AFC's petition as one to modify visitation, the court erred in granting the petition to that extent.  By allowing the child to dictate the terms of the visitation, the court's order "tends unnecessarily to defeat the right of visitation" (*Matter of Casolari v Zambuto*, 1 AD3d 1031, 1031 [internal quotation marks omitted]; *see Matter of Jeffrey T. v Julie B.*, 35 AD3d 1222, 1222; *Matter of Jordan v Jordan*, 288 AD2d 709, 710; *Sturm v Lyding*, 96 AD2d 731, 731).  A court "cannot 'delegate its authority to determine visitation to either a parent or a child' " (*Matter of Taylor v Jackson*, 95 AD3d 1604, 1605).  The court's order "has the practical effect of denying [the father] his right to visitation with his child indefinitely without the requisite showing that visitation would be detrimental to [the child's] welfare" (*Sturm*, 96 AD2d at 731).

Entered:  November 13, 2015                 Frances E. Cafarell
                                            Clerk of the Court