*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: October 27, 2016          521147
_____

In the Matter of TINA RR.,
                    Appellant,

     v
                                        MEMORANDUM AND ORDER
DENNIS RR.,
                    Respondent.

(And Another Related Proceeding.)
_____


Calendar Date: September 7, 2016

Before: Peters, P.J., McCarthy, Garry, Rose and Mulvey, JJ.

_____

        Samuel D. Castellino, Big Flats, for appellant.

        Allen Stone, Vestal, attorney for the child.

        Teresa C. Mulliken, Harpersfield, attorney for the child.

_____


Mulvey, J.

        Appeal from an order of the Family Court of Broome County
(Connerton, J.), entered June 25, 2015, which, among other
things, dismissed petitioner's application, in a proceeding
pursuant to Family Ct Act article 6, to modify a prior order of
visitation.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the divorced parents of a daughter
and son (born in 2002 and 2004, respectively). Pursuant to a
2010 visitation order, and upon stipulation of the parties,
Family Court (Charnetsky, J.) granted the father visitation with
both children on alternate weekends on Saturday and Sunday from

9:00 a.m. to 5:00 p.m., without overnight stays, which visitation was to occur at the mother's house, as well as other visitation as the parties agreed upon. Since the 2010 order, there have been numerous petitions filed by both parents and at least five temporary orders of visitation have been issued.

In July 2014, Family Court issued a temporary order of visitation restricting the father's visitation to alternating Sundays from 9:00 a.m. until 12:00 p.m. and requiring visitation with both children to be at a public place and supervised by the mother's niece. The court also provided for visitation with the daughter from 9:00 a.m. until 12:00 p.m. on Sundays alternate to those on which visitation with both children occurs, to be supervised by either the niece or the maternal grandmother. In October 2014, the mother filed an amended petition for modification of the 2010 order alleging that, after she began allowing the father to have unsupervised visitation with the children in the fall of 2012, the father, among other things, exercised poor parental judgment and had inadequate indoor bathroom facilities. Specifically, the mother alleged that the father took the children to see an inappropriate movie, which resulted in their subsequent emotional distress, and allowed the daughter to sing at a bar where patrons were consuming alcohol. She also alleged that the father was verbally abusive to the children and physically abusive to the son, which resulted in the son's refusal to visit with the father.

In December 2014, the father filed an amended petition to modify the July 2014 temporary order alleging a change in circumstances, specifically, that the mother's niece frequently canceled his scheduled visits, thereby significantly disrupting the visitation schedule, and also that he had been deprived of phone contact with the children for nine months. Following a fact-finding hearing in February and April 2015, a court-ordered investigation by the local department of social services (hereinafter DSS) and a Lincoln hearing, Family Court (Connerton, J.) issued an order – which apparently addressed both the mother's October 2014 petition and the father's December 2014 petition – granting the father, among other things, unsupervised visits with the children on alternate weekends from 10:00 a.m. Saturday until 5:00 p.m. Sunday, Christmas Eve and one week

during the summer.   The mother now appeals.   We affirm.

The mother contends that Family Court erred in granting the father unsupervised visitation in light of a March 2014 alleged domestic violence incident and her belief that the father is a "physically and verbally violent person," which allegedly causes both children emotional distress and the son's reluctance to attend visitation.   The attorney for the child, who was appointed for the daughter, supports the award of unsupervised visitation to the father in that the fact-finding hearing failed to adduce any allegations or medical testimony that the father physically abused the children.   In contrast, the attorney for the child, who was appointed for the son, contends that unsupervised visitation with the son would be detrimental to his safety citing that the son was afraid of visitation with the father and that the father was both verbally and physically abusive toward the son.

"[A] party seeking to modify a prior order of visitation[] [bears] the initial burden of showing that a change in circumstances has occurred since the entry thereof that is sufficient to warrant Family Court undertaking a best interests analysis in the first instance; assuming that requirement is met, [that party] then must show that modification of the prior order is necessary in order to ensure the child[ren]'s continued best interests" (Matter of Merwin v Merwin, 138 AD3d 1193, 1194 [2016]; see Matter of Ryan v Lewis, 135 AD3d 1135, 1136 [2016]). As no one disputes that there was a change in circumstances, the only issue before this Court is whether granting unsupervised and expanded visitation time to the father is in the best interests of the children (see Matter of Sparbanie v Redder, 130 AD3d 1172, 1173 [2015]; Matter of Chris X. v Jeanette Y., 124 AD3d 1013, 1014 [2015]).   The best interests of the children generally lie with a healthy, meaningful relationship with both parents (see Matter of Swett v Balcom, 64 AD3d 934, 935-936 [2009], lv denied 13 NY3d 710 [2009]; Tait v Tait, 44 AD3d 1142, 1143 [2007]). "Unless visitation is inimical to the child[ren]'s welfare, Family Court is required to structure a schedule which results in frequent and regular access by the noncustodial parent" (Matter of Maziejka v Fennelly, 3 AD3d 748, 749 [2004] [citations omitted]; accord Matter of Swett v Balcom, 64 AD3d at 935; see

Matter of Sparbanie v Redder, 130 AD3d at 1173). "The determination of whether visitation should be supervised is a matter left to Family Court's sound discretion and it will not be disturbed as long as there is a sound and substantial basis in the record to support it" (Matter of Knight v Knight, 92 AD3d 1090, 1092 [2012] [internal quotation marks and citations omitted]; accord Matter of Burrell v Burrell, 101 AD3d 1193, 1194 [2012]).

At the fact-finding hearing, the mother testified that she had concerns about the father's unsupervised visitation with the children beginning in late 2012 and early 2013 when the son refused to attend visitation and the daughter returned from visitation anxious and unable to sleep at night. The mother recalled a prior incident, when the son was approximately six years old, in which the father encountered difficulties feeding the son and, in explaining the incident, "gestur[ed] to [her] like he had [the son] in a headlock" in order to "put the food in [the son's] mouth." The father's account of this incident sharply contradicts the mother's testimony and merely portrays his attempt to convince his son to eat breakfast without using corporal punishment. The father also denied the alleged verbal abuse directed toward the son. The mother testified that the father allowed the daughter to accompany him to pick up his equipment from karaoke shows at bars and permitted the daughter to sing in exchange for money from patrons who were consuming alcohol. In contrast, the father testified that, although he allowed the daughter to sing at multiple karaoke shows, she sang in "the dining hall" at 9:30 a.m. The mother also recalled that the children experienced emotional distress upon their return from visitation with the father after he had undisputedly taken them to see a late-night movie.

In May 2013, the mother unilaterally ceased the father's overnight visitations when she allegedly learned that the father did not have a bathroom or running water in a camper that she claims was his residence. The father testified that this was not his primary residence, and he explained that there were bathroom facilities available. During a March 2014 visitation at the mother's house, an argument ensued and the father recorded the incident. A transcript and digital copy of the recording were

received into evidence. Upon hearing the recording, Family Court ordered a DSS investigation, which led to a finding of "indicated" with respect to both parents. The transcript demonstrates that a physical altercation occurred between the two children and that the parents struggled and disagreed as to how to respond and administer disciplinary action. The mother's niece testified about supervising the father's visits every other Sunday. She testified that the daughter generally has positive interactions with the father during the visitation, but noted that the son is easily frustrated and that the two children are frequently frustrated with each other, which required her to intervene as a mediator. She also testified that her only concern during the supervised visits was the son's reluctance to attend and, therefore, she opined that the visits were "not very efficient . . . money-wise and time-wise."

As a result of the mother's October 2014 petition, another temporary order of visitation was issued for the father's visitation at a public location, with the paternal grandmother acting as the supervisor. The mother's paramour testified that, at one such visitation, he witnessed the father allegedly "grabbing ahold of [the son] and shaking him and stuffing him down in the chair or the couch." The father recalled the incident and characterized it as a supervised, loving interaction in which he was consoling his son and in which the paramour was the aggressor. Although the police responded to the incident, no criminal charges resulted. This incident resulted in a temporary order that modified the father's visitation to allow the mother's niece to serve as the supervisor and specified a different public location. The father testified that he now resides with his paramour in a three-bedroom house with a bed for each child and working bathroom facilities. He avers that supervised visitations at public locations are too costly, activity options are limited on Sundays and the niece often reschedules or cancels his visits.

The evidence adduced at the fact-finding hearing, Lincoln hearings and the transcript of the March 2014 incident demonstrate that the two children have a contentious relationship, which often results in fighting, and that both parents have difficulty in disciplining the children. Although

the son expressed a desire to have only supervised visitation with the father, his wishes are just one factor that Family Court considered and are not determinative (see Matter of Rivera v LaSalle, 84 AD3d 1436, 1438-1439 [2011]).  Furthermore, despite the mother's various allegations, the father provided an alternative narrative of events – which was within Family Court's discretion to afford credit (see Matter of Chris X. v Jeanette Y., 124 AD3d at 1015; Matter of Hayward v Campbell, 104 AD3d 1000, 1001 [2013]; Matter of Timothy N. v Gwendolyn N., 92 AD3d 1155, 1157 [2012]).  Notably, Family Court previously had dismissed a family offense petition brought by the mother concerning the March 2014 incident and, apparently, took into account DSS's report in its determination that supervised visitation was not necessary to ensure the children's safety (see Matter of Terwilliger v Jubie, 84 AD3d 1520, 1521 [2011]).  Based on the totality of the circumstances, and according due deference to Family Court's unique opportunity to make credibility determinations (see Eschbach v Eschbach, 56 NY2d 167, 173 [1982]), we are unpersuaded that Family Court abused its discretion and find that a sound and substantial basis exists in the record to support the modification of the terms of visitation to expand the father's visitation time and deny the mother's request for supervised visitation (compare Matter of Joseph G. v Winifred G., 104 AD3d 1067, 1069 [2013], lv denied 21 NY3d 858 [2013]; Matter of Taylor v Fry, 63 AD3d 1217, 1218-1219 [2009]).

Peters, P.J., McCarthy, Garry and Rose, JJ., concur.


ORDERED the order is affirmed, without costs.




ENTER:


Robert D. Mayberger
Clerk of the Court