Matter of Heather SS. v Ronald SS. (2019 NY Slip Op 04506)





Matter of Heather SS. v Ronald SS.


2019 NY Slip Op 04506


Decided on June 6, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 6, 2019

525184

[*1]In the Matter of HEATHER SS., Respondent,
v
RONALD SS., Appellant. ATTORNEYS FOR THE CHILDREN, Appellants.

Calendar Date: March 19, 2019

Before: Lynch, J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Andrea J. Mooney, Ithaca, attorney for the child, appellant.
Pamela D. Gee, Big Flats, attorney for the child, appellant.
Pamela D. Bleiwas, Ithaca, for respondent.
Susan B. McNeil, Brooktondale, attorney for the child.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from an order of the Family Court of Chemung County (Rich Jr., J.), entered May 18, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' children.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of three children (born in 2003, 2005 and 2007). In 2016, the parents separated when the mother accused the father of rape. She then filed a petition seeking custody of the children. Because of the children's differing wishes, Family Court appointed them separate attorneys. After Lincoln and fact-finding hearings, the court granted the mother sole legal and primary physical custody and granted the father parenting time on alternate weekends, conditioned upon his enrollment in a domestic abuse program. The attorney for the oldest child, the attorney for the middle child and the father appeal.[FN1]
Neither appealing child challenges Family Court's award of sole legal custody to the mother. Rather, each challenges the court's allocation of parenting time. The oldest child seeks an order with no set visitation schedule for her, instead leaving it up to her to choose when she will see the father. The middle child seeks to spend equal time with each parent.
"The propriety of visitation is left to the sound discretion of Family Court, guided by the best interests of the child[ren], and its decision will not be disturbed where it is supported by a sound and substantial basis in the record" (Matter of Dharamshot v Surita, 150 AD3d 1436, 1437 [2017] [internal quotation marks and citations omitted]; see Matter of Alan U. v Mandy V., 146 AD3d 1186, 1188 [2017]). "Although not determinative, the expressed wishes of the children are some indication of what is in their best interests, considering their age, maturity and potential to be influenced" (Matter of Stephen G. v Lara H., 139 AD3d 1131, 1132 [2016] [internal quotations marks, brackets and citations omitted], lv denied 27 NY3d 1187 [2016]; see Eschbach v Eschbach, 56 NY2d 167, 173 [1982]). "[I]n determining the best interests of more than one child, the court must be cognizant of the individual needs of each child and should therefore give separate consideration to each child's preferences" (Matter of Rivera v LaSalle, 84 AD3d 1436, 1438 [2011] [internal quotation marks and citations omitted]). Nevertheless, " [t]he best interests of the children generally lie with a healthy, meaningful relationship with both parents" (Matter of Tina RR. v Dennis RR., 143 AD3d 1195, 1197 [2016]), and "visitation with a noncustodial parent is presumed to be in a child's best interests" (Matter of Robert G. v Tammy H., 149 AD3d 1192, 1193 [2017] [internal quotation marks, brackets and citations omitted]; see Matter of Granger v Misercola, 21 NY3d 86, 90-91 [2013]; Matter of Alan U. v Mandy V., 146 AD3d at 1188). "Unless the presumption is rebutted by evidence that visitation would be harmful to the child, Family Court is required to structure a schedule which results in frequent and regular access by the noncustodial parent. The court's authority in this respect can no more be delegated to one of the parties than it can be to a child" (Matter of Staff v Gelunas, 143 AD3d 1077, 1078 [2016] [internal quotation marks and citations omitted]; see Matter of Merkle v Henry, 133 AD3d 1266, 1268 [2015]).
Family Court noted the children's wishes but expressed concern that the children, especially the oldest child, were given too much decision-making authority with respect to, among other things, their relationship with their father. The mother testified that she did not think the children were in any danger with the father, but that the oldest child became anxious around him. The father had been involved with the children throughout their lives, though the mother had always been the primary caretaker. Moreover, the court was concerned with the serious nature of the incident that caused the parents' separation and believed that the father did not fully appreciate the harmful effects of his behavior. Although the middle child had equal time with each parent prior to the court's order, the father favored that child, which could affect his relationship with the other children. The father also spoke to the children about adult issues, such as court and the mother's relationships, indicating that it may be better for the children to be together for visits.
As for the oldest child's argument, it would be improper for a court to delegate to a child the authority to determine visitation (see Matter of Merkle v Henry, 133 AD3d at 1268; see also Kimberly C. v Christopher C., 155 AD3d 1329, 1335 [2017]). "[A]llowing the child to dictate the terms of the visitation" would have "the practical effect of denying the father his right to visitation with his child indefinitely without the requisite showing that visitation would be detrimental to the child's welfare" (Matter of Merkle v Henry, 133 AD3d at 1268 [internal quotation marks, brackets and citation omitted]; see Matter of Jeffrey T. v Julie B., 35 AD3d 1222, 1222 [2006]; Matter of Casolari v Zambuto, 1 AD3d 1031, 1031 [2003]; Sturm v Lyding, 96 AD2d 731, 731-732 [1983]). Indeed, at the time of the hearing, the oldest child had not visited the father for approximately nine months and did not respond to his text messages or phone calls. The record lacks a basis to deprive the father of visitation with this child and, conversely, contains a sound and substantial basis for Family Court's determination to grant him parenting time with all three children on alternate weekends (see Matter of Smith v Smith, 61 AD3d 1275, 1277-1278 [2009]).
Lynch, J.P., Clark, Aarons and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Although the father filed a notice of appeal, he has abandoned his appeal by failing to file a brief or otherwise inform this Court of his position in this matter.