Matter of Keith II. v Laurie II. (2019 NY Slip Op 08466)





Matter of Keith II. v Laurie II.


2019 NY Slip Op 08466


Decided on November 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2019

527724

[*1]In the Matter of Keith II., Respondent,
v
Laurie II., Appellant.

Calendar Date: October 17, 2019

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


Andrew H. Van Buren, Hobart, for appellant.
McNamee Lochner PC, Albany (J. Rochelle Cavanagh of counsel), for respondent.
Christopher Hammond, Cooperstown, attorney for the children.



Pritzker, J.
Appeal from an order of the Family Court of Delaware County (Rosa, J.), entered April 20, 2018, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to hold respondent in willful violation of a prior court order.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of four children (born in 2006, 2008 and 2010). Pursuant to a September 2017 order entered upon the parties' consent, the father was required to undergo therapeutic counseling with the children in an effort to rehabilitate their relationship and, if the children's current counselor was not willing or able to conduct this counseling, the father and the mother were to use their best efforts to locate a new qualified counselor who was. In October 2017, the father commenced this Family Ct Act article 6 proceeding alleging that the mother violated the September 2017 order by discussing court proceedings with the children. In February 2018, the father filed an amended petition adding an allegation that the mother refused to comply with the September 2017 order by not consenting to a new counselor for the father and the children. After a fact-finding hearing, Family Court found that the mother willfully violated the September 2017 order by refusing to make an effort to find a counselor willing and able to conduct therapeutic counseling sessions for the father and the children. The court did not impose a sanction. The mother appeals, and we affirm.
Initially, contrary to the father's contention, the appeal is not moot inasmuch as a finding of a willful violation "may have 'enduring consequences' with regard to future custody and visitation matters" (Matter of Guild v Clifford, 109 AD3d 1053, 1053 [2013], lv dismissed 22 NY3d 1098 [2014], quoting Matter of Bickwid v Deutsch, 87 NY2d 862, 863 [1995]). Also, Family Court properly considered the father's amended violation petition despite his failure to formally move for leave to amend pursuant to CPLR 3025 (b). Family Court treated the amended petition as a motion for leave and granted it, as the new allegations were straightforward and, at the time it was filed, the trial was approximately one month away. Inasmuch as the mother did not request a continuance to prepare additional evidence nor did she set forth how the amendment would prejudice her in any way, we do not find that Family Court erred in accepting the amendment (see Matter of Chris X. v Jeanette Y., 124 AD3d 1013, 1015-1016 [2015]; Matter of Mack v Grizoffi, 13 AD3d 912, 913 [2004]). Further, based on the longstanding and contentious issues between the father and the mother, which were directly impacting the children, it can hardly be said to be an abuse of discretion for Family Court to grant leave and therefore adjudicate all issues at hand without further delay.
Turning to the merits, the record provides clear and convincing proof necessary to support the finding of a willful violation (see Matter of Guild v Clifford, 109 AD3d at 1054; Matter of Duane H. v Tina J., 66 AD3d 1148, 1149 [2009]). The September 2017 order required the father to complete therapeutic counseling with the children's current treating counselor to "restore and improve" the relationship between the children and the father. Importantly, the order dictated that if the children's current counselor was "unable or unwilling to do the [c]ounseling[,] . . . the parents will make their best efforts to locate a counselor who is willing, able and qualified." At the fact-finding hearing, the father's testimony, which was uncontroverted, established that he met with the children's counselor alone in August 2017, and again with both the counselor and the children approximately 30 days later. After the sole therapy session with both the father and the children, the counselor informed the father that she would not provide further counseling because, according to the mother, the children did not want to continue with counseling. The father testified that the mother informed him that she was opposed to a new counselor. By expressing her unwillingness for the children to engage with a new counselor, the mother "defeated, impaired, impeded or prejudiced" the father's right to engage in rehabilitative therapy with his children (Howe v Howe, 132 AD3d 1088, 1089 [2015]; see Matter of Aurelia v Aurelia, 56 AD3d 963, 966 [2008]). As such, we discern no error in Family Court finding that that the mother willfully violated the September 2017 order (see Matter of Guild v Clifford, 109 AD3d at 1054; Matter of Keefe v Adam, 85 AD3d 1225, 1227 [2011]).
Garry, P.J., Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.