Matter of Corydon YY. v Laura ZZ. (2019 NY Slip Op 08458)





Matter of Corydon YY. v Laura ZZ.


2019 NY Slip Op 08458


Decided on November 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2019

526265

[*1]In the Matter of Corydon YY., Respondent,
v
Laura ZZ., Appellant.

Calendar Date: October 8, 2019

Before: Garry, P.J., Egan Jr., Mulvey and Aarons, JJ.


Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Miller Mayer LLP, Ithaca (Anthony N. Elia III of counsel), for respondent.
Mark A. Shaeber, Liverpool, attorney for the child.



Aarons, J.
Appeals from two orders of the Family Court of Cortland County (Campbell, J.), entered December 19, 2017 and January 3, 2018, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of a child (born in 2015). The mother also has a son, the child's half brother, from a prior relationship. The judgment of divorce incorporated, but did not merge, an agreement between the parties providing, among other things, that they would share legal and physical custody of the child. In April 2017, the mother relocated to South Carolina and the child remained with the father. The father thereafter commenced this modification proceeding seeking sole custody of the child. At the hearing, the parties stipulated to joint legal custody of the child with the father having primary physical custody and primary decision-making authority as to all major decisions concerning the child. The parties, however, could not agree on the mother's visitation and how transportation costs associated with such visitation would be allocated. Following a hearing on these issues, Family Court, among other things, awarded the mother five weeks of visitation with the child during the summer and directed that the mother bear all transportation costs associated with the exercise of her visitation. These appeals by the mother ensued.
The mother first contends that Family Court's determination to award her five weeks of visitation, as opposed to six weeks, was not in the best interests of the child.[FN1] Family Court is given considerable discretion in fashioning a visitation schedule (see Matter of Eliza JJ. v Felipe KK., 173 AD3d 1285, 1286 [2019]; Matter of Lorimer v Lorimer, 167 AD3d 1263, 1265 [2018], appeal dismissed and lv denied 33 NY3d 1040 [2019]). The court found, and the record confirms, that the father was the primary caretaker for the child following the mother's move to South Carolina and that he enrolled the child to start preschool in New York. The court also examined the parties' home environments and noted that both parents were fit to care for the child. The court considered these facts, as well as the child's good relationship with his half brother and the distances between the parties' residences. Deferring to the court's findings and taking into account that the mother testified that she would be satisfied with four weeks of visitation if she could not receive six weeks, we find that the amount of visitation awarded is supported by a sound and substantial basis in the record (see DeLorenzo v DeLorenzo, 81 AD3d 1110, 1112 [2011], lv dismissed 16 NY3d 888 [2011]; Malcolm v Jurow-Malcolm, 63 AD3d 1254, 1258-1259 [2009]; Matter of Maziejka v Fennelly, 3 AD3d 748, 749 [2004]).[FN2]
Nor do we agree with the mother that Family Court erred in directing that the transportation costs associated with her visitation with the child be borne by her. The record discloses that the mother's child support obligations were reduced to take into account the transportation costs to be incurred by her as part of her visitation with the child. The court further noted that the mother made the conscious decision to relocate to South Carolina. As such, we discern no basis to disturb the court's determination (see Matter of Moore v Schill, 44 AD3d 1123, 1123 [2007]).
Garry, P.J., Egan Jr. and Mulvey, JJ., concur.
ORDERED that the orders are affirmed, without costs.



Footnotes

Footnote 1: The mother does not challenge Family Court's finding of a change in circumstances and, therefore, the issue distills to whether the court's determination serves the best interests of the child (see Matter of Dickerson v Robenstein, 68 AD3d 1179, 1180 [2009]).

Footnote 2: We note that, although not contested on appeal, Family Court also awarded the mother visitation during Thanksgiving, Christmas and school breaks.